546 So.2d 764 (1989)
Gregory James WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1350.
District Court of Appeal of Florida, Fifth District.
July 13, 1989.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dee R. Ball, Asst. Atty. Gen., Daytona Beach, for appellee.
GOSHORN, Judge.
Appellant, Gregory James Walker appeals his guideline sentence for robbery[1] and aggravated assault.[2] We affirm.
Walker was on community control[3] at the time he committed both offenses. In accordance with the procedure established for administering the sentencing guidelines, the trial judge scored both offenses on the same scoresheet. In doing so he added points for legal constraint twice, once for each offense. This resulted in the appellant receiving fourteen points instead of seven.
This court has addressed a similar, though not identical, problem in Gissinger v. State, 481 So.2d 1269 (Fla. 5th DCA 1986), holding that "legal status at the time of the offense" refers not only to the primary offense, but any offense at conviction. We now hold that a defendant is properly assessed legal constraint points to each offense for which he is sentenced where he was under legal constraint at the time of the offense.
AFFIRMED.
DANIEL, C.J., and SHARP, J., concur.
NOTES
[1] § 812.13(2)(c) Florida Statutes (1987).
[2] § 784.021(1)(b) Florida Statutes (1987).
[3] § 948.001(1) Florida Statutes (1987).