567 So.2d 1055 (1990)
Willie Otis FLOWERS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2304.
District Court of Appeal of Florida, Fifth District.
October 11, 1990.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellee.
GOSHORN, Judge.
Flowers appeals his sentence because points for "legal constraint" were awarded for each offense committed while on probation. We affirm. Walker v. State, 546 So.2d 764 (Fla. 5th DCA 1989).
Flowers urges that our decision in Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982) dictates we reconsider our opinion in Walker and reverse. We reject this contention because Miles involved a single offense, while both Walker and Flowers committed multiple offenses for which they were being sentenced. In our view, Walker's construction of Rule 3.701, Florida Rules of Criminal Procedure promotes the goal of fairness and uniformity envisioned by the enactment of the sentencing guidelines.
Because we are aware that numerous appeals involving this interpretation are pending, we certify to the supreme court the following question as being of great public importance:
DO FLORIDA'S UNIFORM SENTENCING GUIDELINES REQUIRE THAT LEGAL CONSTRAINT POINTS BE ASSESSED FOR EACH OFFENSE COMMITTED WHILE UNDER LEGAL CONSTRAINT?
AFFIRMED.
HARRIS, J., concur.
COWART, J., dissents with opinion.
*1056 COWART, Judge, dissenting.
This case involves the propriety of applying a multiplier to the "legal status" factor in computing a guidelines sentence under Florida Rule of Criminal Procedure 3.701 d.6.
While on probation on an initial drug offense, the defendant committed five additional substantive drug offenses. His probation was revoked and he was sentenced on the initial offense and the five additional offenses. The six offenses were duly scored (on scoresheet 3.988(g) Category 7: Drugs) as either the primary offense (3.701 d.3) or additional offenses at conviction (3.701 d.4). However, instead of scoring 14 points for "IV. Legal status at time of offense" (3.701 d.6), and perhaps increasing the sentence to the next higher cell (recommended or permitted guidelines range) for the revocation of probation as permitted by 3.701 d.14., the sentencing court did not use the bump-up provision in 3.701 d.14. but multiplied the 14 points permitted for legal status at time of offense (3.701 d.6.) by 5 (representing each of the 5 additional offenses) for a total of 70 points.
This case involves an old but illusive problem involving factoring. The ambiguity is in determining if the intent is to weigh one, but not the other, factor or to weigh both factors separately or to weigh both factors together in some variable measure of their relationship, as by addition, subtraction, multiplication or division. Under the sentencing guidelines, the offenses (primary or additional) at conviction are weighed on the scoresheet as factors I. and II. (of 5 factors explicitly weighed on the face of the scoresheet) and by matrix, two variable aspects of the offenses are measured (number and degree of seriousness). Time is not weighed. See separate opinion in Lipscomb v. State, 15 F.L.W. D2227 (Fla. 5th DCA Sept. 6, 1990).
The defendant's prior criminal record is scored as factor III. and again by matrix, the offenses are weighed by number and seriousness.
Victim injury is scored as factor V. and here two varying aspects of this factor are weighed  the degree of physical injury and the number of victims. Rule 3.701 d.7. expressly provides scoring for each victim physically injured.
However, under factor IV. "Legal status at time of offense," the scoring is strictly binary: (1) if the legal status of the defendant at the time of committing all offenses for which he is being sentenced was that he was under no restriction, he gets no points, but if, (2) at the time of committing any offense for which he is being sentenced, the defendant was under legal constraint, i.e., his legal status was within those defined in 3.701 d.6., he receives the number of points provided on the appropriate scoresheet. Scoresheet 3.988(g) for Category 7: Drugs provides for 14 points for legal constraint. The number of points depends on which scoresheet is used and the appropriate scoresheet depends not on which offense was committed while the defendant was under a status of legal constraint, but depends on the primary offense defined in 3.701 d.3. See Gissinger v. State, 481 So.2d 1269 (Fla. 5th DCA 1986).
When one factor to be considered in arriving at any conclusion is related by description or otherwise to some other factor, confusion can easily result from that relationship. When a circumstance involves two factors and one is mentioned incidentally as part of the description of the one factor to be weighed, the problem is somewhat like that of placing emphasis on the correct syllable of a word. Here the factor to be weighed is the defendant's legal status or legal constraint, and the phrase "at the time of offense" merely refers to the time of the relevant legal status or constraint. The emphasis is on the status, a continuing condition, and not on the offense which relates to a point of time with respect to the legal status. There are other illustrations of what is, in substance, the same problem. See, e.g., Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982). In each of two separate criminal cases, Miles was released and ordered to appear before the trial court at one time and one place. When he failed to appear, Miles was convicted of two counts of wilfully failing to appear. On appeal this court reversed one *1057 conviction. The State argued that the emphasis should be on each of the original criminal cases in which Miles failed to appear. This court disagreed. Recognizing that the essence of the charge was Miles' failure to appear which occurred but one time, although his appearance on that occasion related to two different matters, this court held that to be convicted twice under the same statutory offense as to the same factual event violated Miles' double jeopardy rights.
Similarly, in Hoag v. State, 511 So.2d 401 (Fla. 5th DCA 1987), rev. denied, 518 So.2d 1278 (Fla. 1987), the defendant left the scene of an accident in which four persons were injured and one person was killed. The defendant was convicted of five counts of leaving the scene of an accident involving injuries or death. Again the court found that while victim injury or death was an essential element of the offenses and there were four injured victims and one dead victim, nevertheless, the focus was on the leaving of a scene of an accident and there was but one accident, one scene of an accident, and one leaving of that scene one time by the defendant. Therefore, this court vacated four of the convictions.[1] In this vein of reasoning, factor IV. relates to the defendant's status as being under, or not being under, legal constraint, a coin with but two sides, and not on the number offenses that he committed while on or in a condition of legal constraint.
The number of offenses involved are adequately scored as an aspect of factors I. and II. (Primary and additional offenses at conviction) and should not be used as a multiplier factor or aspect of the defendant's legal status at the time of the offenses. His "legal status" is a simple concept  he either was, or was not, under legal constraint when he committed any offense for which he is being sentenced. The guidelines neither expressly nor by implication contemplate nor provide for multiplying the defendant's legal status score for each offense involved in the manner that each victim's injury is scored.
To the contrary, there is persuasive evidence that the intent of the authority formulating the sentencing guidelines intended that the defendant's legal status be scored, if at all, but once. The Florida Supreme Court has recently amended the sentencing guidelines scoresheet and forms, including Form 3.988(g), Category 7: Drugs. In re: Florida Rules of Criminal Procedure 3.701 and 3.988 (sentencing guidelines), 15 F.L.W. S210 (Fla. Apr. 12, 1990), revised on Motion for Clarification, 566 So.2d 770 (Fla. 1990). These amendments reflect that "legal status" is scored once while "victim injury" is scored by the number of victims injured as shown in the amended form:

 Rule 3.988(g)
 Category 7: Drugs
IV. Legal Status at Time of Offense
 Status Points
 ----------------------------------
| No restrictions | 0 |
 ----------------------------------
| Legal constraint | 14 |
 ----------------------------------
 Total ____
V. Victim Injury (physical)
 Degree of Injury x Number = Points
 ----------------------
| None | 0 |
 ---------------------- ____ ____
| Slight | 5 |
 ---------------------- ____ ____
| Moderate | 10 |
 ---------------------- ____ ____
| Death or Severe | 15 |
 ---------------------- ____ ____
 Total ______

The court noted that the revised forms do not change the criteria used to calculate a guidelines sentence. Therefore, the amendments reflect the proper calculation of legal status then and now.
Common law criminal law concepts, incorporated into the criminal law of this country by the due process provisions of state and federal constitutions, dictate that all criminal law provisions relating to the determination of either guilt or penalty be *1058 construed strictly in favor of the accused and that all ambiguities be resolved in his favor. This constitutionally based concept, sometimes called a rule of lenity, is merely codified into section 775.021(1), Florida Statutes, and cannot be abolished merely by statutory amendment or repeal.
The defendant's sentence should be vacated and the cause remanded for sentencing under a guidelines scoresheet scoring the defendant only 14 points under factor IV. "Legal status at the time of offense."
NOTES
[1] See also Burke v. State, 475 So.2d 252 (Fla. 5th DCA 1985), rev. denied, 484 So.2d 10 (Fla. 1986), where this court held that giving three altered dollar bills to one person at one time constituted but one criminal act of uttering.