571 So.2d 520 (1990)
Patrick CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-0828.
District Court of Appeal of Florida, Fourth District.
December 5, 1990.
Rehearing Denied January 16, 1991.
*521 Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellee.
POLEN, Judge.
Appellant timely seeks review of his sentence based on a judgment and conviction of battery on a law enforcement officer and separate charges leading to adjudication of guilty of misdemeanor charges to which he had pled nolo contendere. Appellant asserts reversible error in the trial court's failure to use a sentencing guidelines scoresheet and in the multiple assessing of points for legal constraint as to the misdemeanors. Appellant also asserts reversible error in the assessment of costs. We affirm in part, reverse in part and remand to the trial court.
At the sentencing hearing, the trial judge, over objection, assessed points for being on legal constraint for the misdemeanors as well as the felony, thus placing appellant in a guidelines cell with a recommended range of seven to nine years and a permitted range of five and one-half to twelve years incarceration. However, based on Branam v. State, 554 So.2d 512 (Fla. 1990), the trial judge concluded where the statutory maximum or minimums preclude sentencing within the recommended range, the judge must impose sentences that come as close as possible to the guidelines recommended range. Therefore, the judge sentenced appellant to consecutive sentences for a total of six years and sixty days incarceration.
The record indicates a written scoresheet may have been used during the sentencing hearing; however, none has been provided in the record on appeal. The state argues that, because pursuant to Branam the trial judge was required to sentence appellant to the specific consecutive sentences bringing appellant's sentence as close to the guidelines as possible, the absence of a scoresheet is not fatal. We disagree. The existence of mandatory sentences and their repercussions does not affect the requirement of a written scoresheet. Florida Rule of Criminal Procedure 3.701 states that even in the case of offenses having mandatory penalties, a scoresheet must be completed. Here, either the record must be supplemented with the "missing" scoresheet or if none is available, then upon remand for resentencing one must be considered and added to the record.
We find unconvincing appellant's argument of error in the trial court's adding points for legal constraint for the misdemeanor charges as well as the felony *522 offense. The "legal status at the time of the offense" refers not only to the primary offense, but any offenses at conviction. Therefore, a defendant is properly assessed legal constraint points to each offense for which he is sentenced where he was under legal constraint at the time of the offense. See Walker v. State, 546 So.2d 764 (Fla. 5th DCA 1989); Gissinger v. State, 481 So.2d 1269, 1270 (Fla. 5th DCA 1986). Since pursuant to the guidelines, an "offense" can be scored as a misdemeanor, and legal constraint points can be scored for additional "offenses," legal constraint points can be scored for misdemeanors as well.
Additionally, as costs were assessed against appellant without benefit of notice and a hearing, we find reversible error based on Mays v. State, 519 So.2d 618 (Fla. 1988). We note that an identical argument was raised by the state in Beasley v. State, 565 So.2d 721 (Fla. 4th DCA), review granted, No. 76,102 (Fla. June 7, 1990), wherein we certified the question of whether the imposition of costs against an indigent is different from the collection of those costs, making the question of ability to pay premature until attempt is made to collect such costs.
REVERSED AND REMANDED.
DOWNEY and GARRETT, JJ., concur.