574 So.2d 245 (1991)
Ricky LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00369.
District Court of Appeal of Florida, Second District.
February 1, 1991.
*246 James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Ricky Lewis appeals a guidelines sentence of seven years in prison. He challenges the computation of his guidelines scoresheet on two grounds, and we reverse on both.
The appellant first contends that Florida Rules of Criminal Procedure 3.701, and 3.988, do not authorize the use of a multiplier when calculating points for legal constraint. On the scoresheet used to compute the appellant's recommended sentence, the state multiplied the points for legal constraint by four, the number of new offenses the appellant committed while on probation. The trial court felt bound by the authority of Walker v. State, 546 So.2d 764 (Fla. 5th DCA 1989), to use the multiplier. See Chapman v. Pinellas County, 423 So.2d 578, 580 (Fla. 2d DCA 1982) ("[A] trial court in this district is obliged to follow the precedents of other district courts of appeal absent a controlling precedent of this court or the supreme court."). Since Walker, the Fifth District has certified the use of the multiplier to the Florida Supreme Court, Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990), and the Fourth District has ruled in favor of a multiplier, Carter v. State, 571 So.2d 520 (Fla. 4th DCA 1990). We do not agree that the guidelines require the use of a multiplier with legal constraint.
Florida Rules of Criminal Procedure 3.701,[1] and 3.988, do not require the use of a multiplier. Nor do they contain language susceptible of a different construction. Even assuming ambiguity in the rules as to scoring legal constraint, the rule of lenity would bar the use of a multiplier. Section 775.021(1), Florida Statutes (1988) provides: "[t]he provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused." We construe this statute as applying to the sentencing guidelines rules. See Williams v. State, 528 So.2d 453, 454 (Fla. 5th DCA 1988) (adopts the rule of lenity in resolving an ambiguity in the application of the guidelines to a true split sentence); §§ 921.0015 and 921.001, Fla. Stat. (Supp. 1988) (adopts rules 3.701 and 3.988, as substantive criminal penalties).
Strict construction requires that "`nothing that is not clearly and intelligently described in [a penal statute's] very words, as well as manifestly intended by the Legislature, is to be considered included within its terms; and where there is such an ambiguity as to leave reasonable doubt of its meaning, where it admits of two constructions, that which operates in favor of liberty is to be taken.'" State v. Wershow, 343 So.2d 605, 608 (Fla. 1977), quoting Ex parte Amos, 93 Fla. 5, 112 So. 289 (1927). Therefore, applying the rule of lenity and strict construction to the sentencing guidelines rules and statutes, we conclude that a multiplier may not be used with legal constraint to arrive at a recommended guidelines sentence.
The appellant also argues that the scoresheet incorrectly scores the second and third-degree felony offenses in the primary offense category. In addition, the scoresheet incorrectly scores three third-degree offenses, whereas the appellant was convicted of only two. The state concedes error, but argues it is harmless because the revised score would place the appellant in a "permitted" sentencing range of three and one-half to seven years in prison, whereas he is currently sentenced in the "recommended" *247 range of seven years. We disagree.
Rules 3.701 d.8.[2] and 3.988(a)-(i) were amended to provide for a permitted range within which the trial court might increase a recommended guidelines sentence without written reasons for departure. As we have stated before, a trial court is without sufficient information to decide which sentence to impose without knowing the presumptive guideline sentence. See Berrio v. State, 518 So.2d 979 (Fla. 2d DCA 1988); Parker v. State, 478 So.2d 823, 824 (Fla. 2d DCA 1985). The presumptive guideline sentence as recomputed would be four and one-half to five and one-half years in prison.
We see no reason to modify our previous decisions because of the addition of a higher discretionary range. By creating two discretionary ranges, instead of merely increasing the presumptive range, we can only conclude that the legislature intended the trial courts to apply different criteria to each range. Without knowing both the presumptive and permitted ranges for a particular offense, courts cannot implement the intent of the sentencing guidelines rules and statutes. We therefore reverse the appellant's sentence and remand for correction of the scoresheet and resentencing.
Reversed and remanded.
SCHOONOVER, C.J., and RYDER, J., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.701 d.6. (1989): Legal status at time of offense is defined as follows: Offenders on parole, probation, or community control; in custody serving a sentence; escapees; fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs.
[2] Florida Rule of Criminal Procedure 3.701 d.8. (1989): Guidelines Ranges: The recommended sentences provided in the guideline grids are assumed to be appropriate for the composite score of the offender. A range is provided in order to permit some discretion. The permitted ranges allow the sentencing judge additional discretion when the particular circumstances of a crime or defendant make it appropriate to increase or decrease the recommended sentence without the requirement of finding reasonable justification to do so and without the requirement of a written explanation.