574 So.2d 247 (1991)
Thomas M. SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00359.
District Court of Appeal of Florida, Second District.
February 1, 1991.
James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Tampa, for appellee.
*248 ALTENBERND, Judge.
The defendant appeals numerous sentences, all of which were based on a single scoresheet prepared on January 9, 1990. We reverse some of these sentences, as specified below, because the trial court applied a multiplier to the factor on the guidelines scoresheet regarding "legal status at time of offense." Our decision in this case conflicts with several decisions from other districts that have permitted the trial court to multiply the points awarded for legal status by all offenses sentenced under the scoresheet. See Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990); Walker v. State, 546 So.2d 764 (Fla. 5th DCA 1989); Carter v. State, 571 So.2d 520 (Fla. 4th DCA 1990). Our decision, however, follows this court's recent holding in Lewis v. State, 574 So.2d 245 (Fla. 2d DCA 1991). The present case is an extreme example of the results obtained from the use of a legal status multiplier.
While on probation for forgery, grand theft and uttering a forged instrument, the defendant committed numerous robberies, as well as several other felonies, and four misdemeanors. Some of these offenses occurred on September 13, 1988, and the remainder of the offenses occurred on June 12 or June 13, 1989. The state filed seven separate informations charging Mr. Scott with these additional offenses, and also initiated a violation of probation proceeding. The defendant pleaded nolo contendere to these charges on January 9, 1990.
At the sentencing hearing, the parties agreed that the defendant should be sentenced for all of the offenses under a category 3 scoresheet for robbery. They disagreed on the method to calculate points for legal status at the time of the offense. The defendant maintained that legal status should receive a single entry of 17 points. Based on the calculations before the trial court, this would have resulted in a total score of 348 points, a recommended range of 17-22 years' imprisonment, and a permitted range of 12-27 years' imprisonment. The state argued that the legal status points should be multiplied for each offense sentenced under the scoresheet, and calculated 428 points for legal status.[1] This resulted in a total score of 759 points, a recommended range of life imprisonment and a permitted range of 27 years' to life imprisonment.
In the absence of conflicting precedent, the trial court correctly followed the Fifth District's decision in Walker. After the trial court ruled that it would use the scoresheet prepared by the state, the defendant acquiesced to a negotiated plea agreement under which he received sentences totalling 60 years' imprisonment and reserved the right to bring this appeal.
Because this issue is pending before the supreme court on a certified question in Flowers, and because Judge Threadgill has recently written a thorough analysis of this issue for this court in Lewis, we will not present an extensive explanation of our reasoning. We note, however, several reasons which have persuaded this court to adopt a position in conflict with that in Walker. First, we are influenced by Judge Cowart's dissent in Flowers. Second, unlike the other four factors on the scoresheet (i.e., primary offenses, additional offenses, prior record, and victim injury), there is no language in Florida Rule of Criminal Procedure 3.701 as adopted by the legislature in section 921.0015, Florida Statutes (Supp. 1988), which expressly authorizes a multiplier for legal status.
Finally, the points assessed for other factors strongly suggest that the creators of the scoresheet did not intend this factor to be multiplied. For example, in order to obtain the same number of points without the legal status multiplier, the state would have had to present 411 first-degree felony convictions as additional offenses at conviction, or 41 such felonies as primary offenses in this case. Under the rule announced in Walker, this defendant, on five of his offenses, is receiving one point for committing the additional felony and seventeen *249 points for being on probation while committing it. Indeed, 56% of the points assessed against Mr. Scott were based on his legal status. In the absence of express language in rule 3.701 requiring such a questionable approach to sentencing, we will not assume that the legislature intended this method when it adopted the guidelines. It may be that some reasonable multiplier would be appropriate for the factor of legal status, but the guidelines do not currently provide for such a multiplier.
As a result of this holding, we reverse and remand for resentencing in State v. Scott, No. 89-2587F, Circuit Court of the Twelfth Judicial Circuit, Manatee County, Florida, and State v. Scott, Nos. 89-1812CFAN1 and 89-1908CFAN1, Circuit Court of the Twelfth Judicial Circuit, Sarasota County, Florida. From our review of the record, this error does not appear to affect the sentences in State v. Scott, Nos. 89-1404F, 89-1964F, and 89-1980F, Circuit Court of the Twelfth Judicial Circuit, Manatee County, Florida, and State v. Scott, Nos. 88-3318CFAN1 and 89-3561CFAN1, Circuit Court of the Twelfth Judicial Circuit, Sarasota County, Florida. Accordingly, we affirm the sentences in those cases.
Affirmed in part, reversed in part, and remanded for resentencing.
CAMPBELL, A.C.J., and LEHAN, J., concur.
NOTES
[1] This calculation appears to be incorrect. Assuming 17 points were assessed for 24 offenses, the total would have been 408. Based upon the record before this court, we are unable to confirm the accuracy of the number of relevant offenses applied to the calculation.