574 So.2d 1230 (1991)
Roy NATVIK, Appellant,
v.
STATE of Florida, Appellee.
No. 90-856.
District Court of Appeal of Florida, Fifth District.
February 28, 1991.
*1231 James B. Gibson, Public Defender, and Paolo G. Annino, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
GRIFFIN, Judge.
We affirm the lower court. However, in accordance with Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990), we certify to the supreme court the following question:
DO FLORIDA'S UNIFORM SENTENCING GUIDELINES REQUIRE THAT LEGAL CONSTRAINT POINTS BE ASSESSED FOR EACH OFFENSE COMMITTED WHILE UNDER LEGAL CONSTRAINT?
AFFIRMED.
W. SHARP, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
Factor IV on the scoresheet refers to the legal status of the defendant at the time of the commission of any offense (primary or additional) before the court for sentencing. This status is binary, without steps or degrees  at the relevant time the defendant was either under "no restrictions" or he was under "legal constraint." This factor scores, or does not score, that status and was not intended to score the number of incidents that may have combined to create the one status. Any one of the circumstances cataloged in Rule 3.701 d.6. is sufficient to create the status of being under legal constraint. Therefore the number of points assigned for the status of being under legal constraint should not be multiplied by the number of incidents creating the one status. I dissent for these and other reasons given in the dissent to Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990). Noting that the Fourth District, in Carter v. State, 571 So.2d 520 (Fla. 4th DCA 1990), following Flowers ruled in favor of a multiplier, the Second District has concluded that a multiplier may not be used with legal constraint to arrive at a recommended guidelines sentence. See Lewis v. State, 574 So.2d 245 (Fla. 2d DCA 1991); Scott v. State, 574 So.2d 247 (Fla. 2d DCA 1991); and Worley v. State, 573 So.2d 1023 (Fla. 2d DCA 1991). Special note should be taken of Judge Altenbernd's illustration in Scott v. State of the tremendous skewing effect of applying a multiplier to the legal status factor.