PER CURIAM.
The Florida Sentencing Guidelines Commission petitions this Court to adopt amendments to Florida Rules of Criminal Procedure 3.701 and 3.988. We have jurisdiction. Art. V, § 2(a), Fla. Const.; see also § 921.001, Fla.Stat. (1989).
In its petition, the Commission notes that four new crimes were created by the 1990 Legislature. Only one of these requires a change in the existing guidelines. Chapter 90-70, section 1, Laws of Florida (codified at section 491.0112, Florida Statutes (Supp. 1990)), created the offense of sexual misconduct with a psychotherapy patient. The Commission asks the Court to amend the rules to characterize this new crime as a category 2 “sexual offense” for purposes of the guidelines.
The other three new offenses do not require rules changes. Chapter 90-111, section 6, Laws of Florida (codified at section 893.13(l)(i), Florida Statutes (Supp.1990)), creates a new crime of selling or exchanging controlled substances near certain specified places. It clearly falls within category 7, which embraces all drug-related offenses encompassed within chapter 893.
Chapter 90-301, sections 1 and 2, Laws of Florida (codified at sections 838.15-.16, Florida Statutes (Supp.1990)), creates the *1308 new crime of commercial bribery or receiving a commercial bribe. The Commission notes that this crime will fall into category 9, “all other felony offenses.”
Chapter 90-306, section 63, Laws of Florida (codified at section 847.0133, Florida Statutes (Supp.1990)), creates the crime of exposing minors to certain obscene materials. The Commission notes that this crime also will fall into category 9, “all other felony offenses.”
We agree with the Commission’s conclusions. Accordingly, we amend rules 3.701(c) and 3.988(b) in the manner requested. These amendments are attached as Appendix A. Pursuant to section 921.-001(4)(b), Florida Statutes (1989), this Court certifies that these changes are necessary to conform the guidelines to the previously adopted statutory revisions cited above. They are purely procedural in nature and therefore shall take effect immediately, without need of prior legislative approval, since no violation of the doctrine of separation of powers thereby will occur. See Art. II, § 3, Fla. Const.
Finally, the Commission asks this Court to adopt changes or additions to the committee notes accompanying rules 3.701(d)6 and 3.701(d)7. The first such proposal essentially reverses recent case law allowing the scoring of “legal status points” for each offense committed while the defendant was under legal constraint, regardless of the number of offenses. The Commission notes that it never intended to permit this practice and finds that multiple scoring sometimes results in penalties out of proportion to the offense.
The second such proposal effectively reverses recent case law holding that victim injury can be scored only once for multiple offenses against a single victim. The Commission notes that it never intended to authorize this practice and finds that it results in inequitable sentencing. For example, the same offenses committed against a single victim would result in a less severe penalty than if committed against more than one victim. Accordingly, the Commission recommends new language to provide for consistency in the scoring of victim injury.
We are troubled, however, by the Commission’s request that we accomplish the above objectives by altering or adding to committee notes, not by changing the rules themselves. In effect, we would be amending the guidelines substantively by making changes or additions to an explanatory gloss. The present petition does not state whether the Commission believes any involvement by the Legislature is required to make these changes.
Nevertheless, we can only conclude that section 921.001, Florida Statutes, and the doctrine of separation of powers do in fact require legislative involvement. Art. II, § 3, Fla. Const. A gloss retroactively promulgated by this Court simply would have no relevance to the purely legislative decision of whether or not to adopt proposed sentencing guidelines. With regard to the issues of victim impact and legal status offenses, the rules previously proposed by the Commission and adopted by the Legislature are admittedly and self-evidently vague. Yet this is the way they were proposed and adopted. We are in no position now to say, by judicial ukase, exactly what the Legislature did or did not intend at the time of adoption.
Moreover, the statute authorizing the guidelines expressly states that “[t]he provision of criminal penalties and of limitations upon the application of such penalties is a matter of predominantly substantive law and, as such, is a matter properly addressed by the Legislature.” § 921.001(1), Fla.Stat. (1989). The spirit of the law can only be honored if the Legislature is aware of the changes it is enacting, not by attempting to judicially “clarify” a vague provision after it has been enacted by a legislature that may or may not have believed the provision to mean something quite different.
In keeping with the sentencing guidelines statute and the doctrine of separation of powers of article II, section 3 of the Florida Constitution, we can only conclude that legislative approval of these proposed changes is required. While we agree with *1309 the intent of the proposed changes, we believe Florida law requires that we follow the procedures for adoption specified in section 921.001(4)(b), Florida Statutes (1989). The changes reflected in Appendix B clearly are not “necessary to conform the guidelines to previously adopted statutory revisions” and thus cannot be summarily enacted by this Court. See § 921.001(4)(b), Fla.Stat. (1989). Rather, they are a request by the Commission to clarify vague rules that ultimately will be used to determine the lawful length of prison sentences. The final decision to approve this clarification, like the final decision to adopt the rules in the first instance, must come from the Legislature.* Art. II, § 3, Fla. Const.
With modifications to reflect the constitutional considerations discussed here, we approve the above two revisions to the guidelines, which are attached as Appendix B. These revisions shall be transmitted to the President of the Senate and the Speaker of the House of Representatives no later than March 7,1991, and shall become effective only upon being implemented by the Legislature as required by law.
The changes reflected in Appendix A shall take effect immediately.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.
APPENDIX A
[Additions underlined; deletions struck through]
RULE 3.701 SENTENCING GUIDELINES
[[Image here]]
c. Offense Categories. Offenses have been grouped into nine (9) offense categories encompassing the following statutes:
Category 1: Murder, manslaughter: Chapter 782 [[except subsection 782.04(l)(a) ]), and subsection 316.193(3)(c)3, and section 327.351(2)
Category 2: Sexual offenses: Chapters 794 and 800¿ and section 826.04, and section 491.0112
Category 3: Robbery: Section 812.13 Category 4: Violent personal crimes: Chapters 784 and 836 and section 843.01 and subsection 381.411(4)
Category 5: Burglary: Chapter 810 and subsection 806.13(3)
Category 6: Thefts, forgery, fraud: Chapters 322 and 409, section 415.111, chapter 443, section 493.3175, and chapters 509, 812 (except section 812.13), 815, 817, 831, and 832
Category 7: Drugs: Chapter 893 Category 8: Weapons: Chapter 790 and section 944.40
Category 9: All other felony offenses
[[Image here]]
FORMS
Rule 3.988(b)
Category 2: Sexual Offenses Chapters 794 and 800¿ section 826.041 . and section 491.0112
[[Image here]]
APPENDIX B
[Additions underlined]
RULE 3.701 SENTENCING GUIDELINES
[[Image here]]
d. General Rules and Definitions.
[[Image here]]
6. Legal status at time of offense is defined as follows: Offenders on parole, probation, or community control; in custody serving a sentence; escapees; fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs. *1310 Legal status points are to be assessed where these forms of legal constraint existed at the time of the commission of offenses scored as primary or additional offenses at conviction. Legal status points are to be assessed only once whether there are one or more offenses at conviction.
7. Victim injury shall be scored for each victim physically injured during a criminal episode or transaction, and for each count resulting in such injury whether there are one or more victims.
1990 Committee Note to Rule 3.701(d)6
The purpose of the 1990 revision is to clarify the original intent that legal constraint is a status consideration and is not to be considered a function of the number of offenses at conviction.
1990 Committee Note to Rule 3.701(d)7
The purpose of the 1990 revision is to provide consistency in the scoring of victim injury by scoring for each offense at conviction for which victim injury can appropriately be scored, whether committed against a single victim or multiple victims.

 Of course, if the Legislature approves the amendments, they then must be accorded the same legal status as any other express clarification of original legislative intent. Our opinion today is not meant to deny that the proposals in Appendix B are in fact a clarification, only to say they they will become a clarification only if and when the Legislature approves them.