PER CURIAM.
Appellant pled no contest and was sentenced on six charges including one sentence imposed after revocation of probation. He raises three points with respect to his sentences. First, he claims that the trial court erred in assessing points for legal constraint for each of the five new substantive offenses for which he was sentenced. Carter v. State, 571 So.2d 520 (Fla. 4th DCA 1990) holds this is not error, although we note that the question has been certified to the Supreme Court in Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990). We certify the same question in this case.
Appellant next claims error in the scoring of a New York conviction. However, we conclude that error, if any, was not properly preserved. Forehand v. State, 537 So.2d 103 (Fla.1989).
Finally, appellant claims that the trial court erred in sentencing him in case no. 89-980, after probation revocation, to a term in excess of the one cell “bump up” from the original guidelines range allowed under Florida Rule of Criminal Procedure 3.701(d)(14). We agree based on Franklin v. State, 545 So.2d 851 (Fla.1989); Lambert v. State, 545 So.2d 838 (Fla.1989); and True v. State, 564 So.2d 1104 (Fla. 4th DCA 1990). We therefore remand to the trial court for resentencing of appellant in case no. 89-980 to a term not to exceed the one-cell “bump up” of 3 and V2 years.
Reverse and remand.
LETTS, GUNTHER and WARNER, JJ., concur.