577 So.2d 963 (1991)
Bobby ADAMS, a/K/a Robert Shelton, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1328.
District Court of Appeal of Florida, Fifth District.
March 7, 1991.
On Motion for Rehearing April 18, 1991.
*964 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a sentence.
The principal issue involves the points to be assessed for "legal constraint." When a defendant is on probation or community control or is in custody and commits another crime, he is to be treated more severely than a defendant who was not under legal constraint. Here, appellant was on probation and then committed more than one crime. The sentencing judge assessed points for each crime he committed (and convicted) while on probation. Appellant says this is not in accordance with the sentencing guidelines because the legislature did not explicitly say so. We are urged to recede from Walker v. State, 546 So.2d 764 (Fla. 5th DCA 1989) which held that the legal constraint points should be assessed for each conviction. We decline to recede from that case and suggest that it is based upon good, though unstated, rationale. A person who commits more than one crime while on probation should be treated more harshly and in direct proportion to the number of crimes for which he is convicted, than one who commits only one crime.
AFFIRMED.
COBB, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
Factor IV on the scoresheet refers to the legal status of the defendant at the time of the commission of any offense (primary or additional) before the court for sentencing. This status is binary, without steps or degrees  at the time the defendant committed the crime for which he is being sentenced, he was either under "no restrictions" or he was under "legal constraint." This factor scores, or does not score, that status and was not intended to score the number of incidents that may have combined to create the status of "legal constraint" or to score the number of offenses committed while under legal constraint. Any one of the circumstances cataloged in Rule 3.701d.6. is sufficient to create the status of being under legal constraint. Therefore the number of points assigned for the status of being under legal constraint should not be multiplied by the number of incidents creating the one status or by the number of offenses committed while under legal constraint. See the other reasons given in the dissent to Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990). Noting that the Fourth District, in Carter v. State, 571 So.2d 520 (Fla. 4th DCA 1990), followed Flowers and ruled in favor of a multiplier, the Second District has concluded that a multiplier may not be used with legal constraint to arrive at a recommended guidelines sentence. See Lewis v. State, 574 So.2d 245 (Fla. 2d DCA 1991); Scott v. State, 574 So.2d 247 (Fla. 2d DCA 1991); and Worley v. State, 573 So.2d 1023 (Fla. 2d DCA 1991). As Judge Altenbernd illustrates in Scott v. State, applying a multiplier to the legal status factor has a tremendous skewing effect on guideline scoring. In Scott multiplying the points for legal status (17) by each offense sentenced under the scoresheet resulted in 428 points for legal status. To obtain that number of points in that case without the legal status multiplier would have required 411 first degree felony convictions scored as additional offenses at conviction or 41 such felonies scored as primary offenses. Violation of probation is itself not a crime.[1] The *965 proper "punishment" for violating probation is to have that probation terminated and for the former probationer to "presently suffer the penalty imposed by law" (§ 948.01(3), Fla. Stat.) for the offense for which imposition of sentence was stayed and withheld when probation was imposed. Furthermore, the additional punishment authorized by the guidelines for committing a crime while on probation is provided by Rule 3.701d.14. which permits a sentence based on scoring increased by one higher cell.

ON MOTION FOR REHEARING
We grant the motion for rehearing and certify to the Supreme Court of Florida the following question to be of great public importance:
DO FLORIDA'S UNIFORM SENTENCING GUIDELINES REQUIRE THAT LEGAL CONSTRAINT POINTS BE ASSESSED FOR EACH OFFENSE COMMITTED WHILE UNDER LEGAL CONSTRAINT?
Motion GRANTED.
DAUKSCH, COBB and COWART, JJ., concur.
NOTES
[1] See, Ree v. State, 565 So.2d 1329, 1331 (Fla. 1990); Lambert v. State, 545 So.2d 838, 841 (Fla. 1989).