DIAMANTIS, Judge.
Defendant, Arthur Ficichy, was convicted of three counts of acquiring a controlled substance by forged prescription,[1] and one count of resisting an officer with violence.[2] Defendant was sentenced to terms totalling nine years incarceration. On appeal, defendant claims that the trial court erred in assessing legal constraint points for each conviction. We affirm.
Before we reach the issue on appeal we note that the trial court entered a corrected sentence to reflect the proper jail time credit. However, in the corrected sentence, the trial court inadvertently imposed a total of thirteen years incarceration. The trial court, at sentencing, indicated that defendant would receive a total of nine *46 years incarceration. The original written sentence reflected this total of nine years incarceration. Defendant was to receive as his sentence two five year terms of incarceration, to run concurrent with each other, and two four year terms of imprisonment, to run concurrent with each other and consecutive to the five year terms. However, in the corrected written sentence the two four year terms are stated to run consecutive to, rather than concurrent with, each other. Because this was obviously a clerical error, we remand this case to the trial court for correction. It shall not be necessary for defendant to be present when this matter is corrected.
On the category six scoresheet form used in this case, six points were assigned for legal constraint. The trial court multiplied this point total by four, representing the number of offenses committed by defendant while under legal constraint. Defendant argues that the trial court improperly exceeded the six points designated by the scoresheet for legal constraint.
In Walker v. State, 546 So.2d 764 (Fla. 5th DCA 1989), we held that a scoresheet’s legal constraint points may be cumulatively scored where multiple offenses were committed by the defendant while under legal constraint. In Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990), this court reaffirmed the holding in Walker, but certified a question concerning this issue to the supreme court. Defendant in the instant case requests this court to certify the same question.
Because defendant has not shown any guidelines scoresheet error, we affirm the corrected sentence, but remand the case to the trial court to correct the clerical error. However, we certify the following question to the supreme court:
DO FLORIDA'S UNIFORM SENTENCING GUIDELINES REQUIRE THAT LEGAL CONSTRAINT POINTS BE ASSESSED FOR EACH OFFENSE COMMITTED WHILE UNDER LEGAL CONSTRAINT?
Judgment AFFIRMED; sentence VACATED; cause REMANDED.
PETERSON, J., concurs.
COWART, J., dissents with opinion.

. § 893.13(3)(a)l Fla.Stat. (1989).

. § 843.01 Fla.Stat. (1989).