COWART, Judge,
dissenting.
See the dissents in Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990); Znajmiecki v. State, 569 So.2d 531 (Fla. 5th DCA 1990), rev. granted, 577 So.2d 1331 (Table) (Fla.1991); Natvik v. State, 574 So.2d 1230 (Fla. 5th DCA 1991); Adams v. State, 577 So.2d 963 (Fla. 5th DCA 1991). See also, contrary to the majority decision herein, Sellers v. State, 578 So.2d 339 (Fla. 1st DCA 1991); Lewis v. State, 574 So.2d 245 (Fla. 2d DCA 1991); Worley v. State, 573 So.2d 1023 (Fla. 2d DCA 1991); Scott v. State, 574 So.2d 247 (Fla. 2d DCA 1991) and Cabrera v. State, 576 So.2d 1358 (Fla. 3d DCA 1991). See also the supreme court’s consideration of a petition by the Florida Sentencing Guidelines Commission to clarify the committee notes appended to Rule 3.701d.6., wherein the commission states it was never intended to permit the scoring of “legal status points” for each offense committed while the defendant was under legal constraint, regardless of the number of offenses and that such multiple scoring sometimes results in penalties out of proportion to the offense. Florida Rules of Criminal Procedure re: Sentencing Guidelines, 576 So.2d 1307 (Fla.1991).