PER CURIAM.
We affirm appellant’s convictions and sentences, but write briefly on appellant’s contention that the trial court erred in calculating sentencing guidelines points.
Appellant argues that the trial court erred by employing a multiplier in calculating legal constraint points. We have previously affirmed this practice in Carter v. *70 State, 571 So.2d 520 (Fla. 4th DCA 1990), and do so again. We are aware that our holding conflicts with Scott v. State, 574 So.2d 247 (Fla. 2d DCA 1991) and are also aware of the supreme court’s recent opinion in Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 and 3.988), 16 F.L.W. 198 (Fla. March 7, 1991), modified, 16 F.L.W. 221, but note that the proposed amendments are not effective until approved by the legislature.
Because of the conflict, we certify the following question, as previously done in Preston v. State, No. 90-1433 (Fla. 4th DCA April 4, 1991), as one of great public importance:
DO FLORIDA’S UNIFORM SENTENCING GUIDELINES REQUIRE THAT LEGAL CONSTRAINT POINTS BE ASSESSED FOR EACH OFFENSE COMMITTED WHILE UNDER LEGAL CONSTRAINT?
AFFIRMED.
LETTS and DELL, JJ., concur.
STONE, J., concurs specially with opinion.