SHIVERS, Judge.
Echtinaw appeals his judgment and sentence because the scoresheet multiplied points for legal constraint by the number of offenses involved. We reverse.
Echtinaw was charged with four felonies and two misdemeanors. He pled no contest in return for a guideline sentence. Over Echtinaw’s objection, the scoresheet assessed thirty six points for each of the four felonies, resulting in 264 total score-sheet points. The permitted range was seven to seventeen years in prison and the recommended sentence was eight years. Echtinaw was sentenced to eight years in prison followed by probation.
*1011 The issue on appeal is whether the court erred in allowing multiple assessments of points for legal constraint. The fifth district allows multiplying points for legal constraint by the number of offenses involved. Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990); Walker v. State, 546 So.2d 764 (Fla. 5th DCA 1989). Echtinaw argues this court should follow the dissent in Flowers, and State answers that Flowers’ majority is correct.
After the parties filed their briefs, the second district found it was error to multiply the points for legal constraint by the number of offenses involved. Scott v. State, 574 So.2d 247 (Fla. 2d DCA 1991); Lewis v. State, 574 So.2d 245 (Fla. 2d DCA 1991). This court subsequently followed the second district and certified conflict with the fifth in Sellers v. State, 578 So.2d 339 (Fla. 1st DCA 1991). Although the supreme court recently granted review of Scott, we adhere to Sellers.
With only thirty six points for legal constraint, the scoresheet total is 156. On a category four scoresheet, the difference between 156 points and 264 points is at least two cells; and therefore the error is not harmless. Accordingly, we reverse and remand for resentencing.
JOANOS, C.J., and SMITH, J., concur.