JOANOS, Chief Judge.
Eric Paul Cadenhead appeals the sentences imposed upon him, based upon a sentencing guidelines point total calculated by multiplying the number of points assessed for legal constraint by the number of his felony convictions. The state agrees that decisions of this court, released after sentencing in this case, require that appellant’s sentence be vacated, and the case remanded for resentencing. See Wilson v. State, 580 So.2d 303 (Fla. 1st DCA 1991); Sellers v. State, 578 So.2d 339 (Fla. 1st DCA 1991). Accord Scott v. State, 574 So.2d 247 (Fla. 2d DCA 1991), jurisdiction accepted, decision pending, State v. Scott, 581 So.2d 1310 (Fla.1991); Lewis v. State, 574 So.2d 245 (Fla. 2d DCA 1991); Cabrera v. State, 576 So.2d 1358 (Fla. 3d DCA 1991).
Accordingly, appellant’s sentences are vacated and the cause is remanded for re-sentencing, pursuant to this court’s decision in Wilson and in Sellers. In addition, we certify that our resolution of the issue in this case is in direct conflict with decisions of the fourth and fifth district courts *1193 of appeal in Carter v. State, 571 So.2d 520 (Fla. 4th DCA 1990); Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990); and Walker v. State, 546 So.2d 764 (Fla. 5th DCA 1989).
ERVIN and BARFIELD, JJ., concur.