586 So.2d 1058 (1991)
Willie O. FLOWERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 76854.
Supreme Court of Florida.
October 3, 1991.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for respondent.
HARDING, Justice.
We have for plenary review Flowers v. State, 567 So.2d 1055, 1055 (Fla. 5th DCA 1990), in which the Fifth District Court of Appeal certified the following question:
DO FLORIDA'S UNIFORM SENTENCING GUIDELINES REQUIRE THAT LEGAL CONSTRAINT POINTS BE ASSESSED FOR EACH OFFENSE COMMITTED WHILE UNDER LEGAL CONSTRAINT?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, and answer the question in the negative. Accordingly, we quash the decision below, and remand the case for action consistent with this opinion.
While on probation for a drug offense, Willie O. Flowers committed five additional substantive drug offenses. Flowers pled guilty to three counts of sale of cocaine, two counts of possession of cocaine, and the violation of probation. The State prepared a guidelines scoresheet which assessed Flowers seventy points for committing the drug offenses while under legal constraint. The State calculated the seventy points by multiplying Flowers' fourteen legal constraint points by the five offenses committed while Flowers was on probation. Flowers objected to the scoring, and argued that legal constraint points should be scored once rather than for each offense committed. The trial judge approved the State's use of the multiplier for calculating legal constraint points, and sentenced Flowers to an aggregate sentence of five and one-half years in prison, followed by two years of probation. Flowers appealed *1059 his sentence. The Fifth District Court of Appeal affirmed Flowers' sentence, and certified the question to this Court. Flowers, 567 So.2d at 1055.
The issue presented in this case is whether the Legislature intended that a multiplier be applied when calculating legal constraint points. Florida Rules of Criminal Procedure 3.701(d)(6) and 3.988 do not address the use of a multiplier when calculating legal constraint points. The district courts have differed in the interpretation of these rules. Compare Walker v. State, 546 So.2d 764 (Fla. 5th DCA 1989) (legal constraint points should be assessed for each conviction) and Carter v. State, 571 So.2d 520 (Fla. 4th DCA 1990) (same) with Lewis v. State, 574 So.2d 245 (Fla. 2d DCA 1991) (legal constraint points are assessed only once).
The conflicting opinions in Walker, Carter, and Lewis result from competing policies in calculating the sentencing scoresheets, and different interpretations of Florida Rule of Criminal Procedure 3.701(d)(6). One policy supporting the use of a multiplier is that the defendant's sentence should be in proportion to the number of crimes committed. Thus, a defendant committing numerous crimes while under a legal constraint should have a harsher sentence than a defendant committing only one crime while under legal constraint. A contrasting policy against use of the multiplier in calculating legal constraint points is uniformity in sentencing. The use of a multiplier in calculating legal constraint points can destroy uniformity by skewing the results. For example, in Scott v. State, 574 So.2d 247 (Fla. 2d DCA 1991), the trial court multiplied the defendant's legal status of seventeen points by the twenty-four offenses at issue which resulted in 408 legal constraint points. Without this use of the legal constraint multiplier in Scott, the State would have to present 411 first-degree felony convictions as additional offenses at conviction or 41 felonies scored as primary offenses to reach the same result.
Section 775.021(1), Florida Statutes (Supp. 1988), referring to the Florida Criminal Code, provides: "[t]he provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused." We agree with the Second District Court in Lewis, 574 So.2d 245 (Fla. 2d DCA 1991), that this construction applies to the sentencing guidelines. Further, in Lewis the Second District Court quoted this Court as follows:
"`nothing that is not clearly and intelligently described in [a penal statute's] very words, as well as manifestly intended by the Legislature, is to be considered included within its terms; and where there is such an ambiguity as to leave reasonable doubt of its meaning, where it admits of two constructions, that which operates in favor of liberty is to be taken.'"
Lewis, 574 So.2d at 246 (quoting State v. Wershow, 343 So.2d 605, 608 (Fla. 1977), quoting Ex parte Amos, 93 Fla. 5, 14, 112 So. 289, 292-293 (1927)). Thus, we conclude that the better rationale is to resolve this issue in favor of the defendant, and to score the legal constraint points only once.
After the date of the Fifth District Court's opinion in Flowers, we approved and transmitted to the Legislature revisions which were sought by the Florida Sentencing Guidelines Commission pertaining to the scoring of "legal status points." Florida Rules of Criminal Procedure re: Sentencing Guidelines (Rules 3.701 and 3.988), 576 So.2d 1307 (Fla. 1991). The Commission sought these revisions in order to clarify the scoring of legal constraint points. The Legislature adopted the proposed revisions in Chapter 91-270, Laws of Florida, effective May 30, 1991. The amended rule reads as follows:
6. Legal status at time of offense is defined as follows: Offenders on parole, probation, or community control; in custody serving a sentence; escapees; fugitives who have fled to avoid prosecution *1060 or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs. Legal status points are to be assessed where these forms of legal constraint existed at the time of the commission of offenses scored as primary or additional offenses at conviction. Legal status points are to be assessed only once whether there are one or more offenses at conviction.

Florida Rules, 576 So.2d at 1309-10. We disapprove of using a multiplier for calculating legal constraint points. We remand Flowers with instructions to recalculate the scoresheet consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.