PER CURIAM.
We have for review the consolidated cases of Rivera v. State, 576 So.2d 1374 (Fla. 5th DCA 1991), Patrick v. State, 576 So.2d 935 (Fla. 5th DCA 1991), Davis v. State, 576 So.2d 741 (Fla. 5th DCA 1991), Shiel v. State, 576 So.2d 931 (Fla. 5th DCA 1991), Gantt v. State, 576 So.2d 932 (Fla. 5th DCA 1991), Dussault v. State, 578 So.2d 430 (Fla. 5th DCA 1991), Isom v. State, 578 So.2d 431 (Fla. 5th DCA 1991), Kelly v. State, 578 So.2d 47 (Fla. 5th DCA 1991), Ficichy v. State, 578 So.2d 45 (Fla. 5th DCA 1991), and Adams v. State, 577 So.2d 963 (Fla. 5th DCA 1991), in which the Fifth District Court of Appeal certified in each case the same question of great public importance which the court certified in Flowers v. State, 567 So.2d 1055, 1055 (Fla. 5th DCA 1990), quashed, 586 So.2d 1058 (Fla.1991):
DO FLORIDA’S UNIFORM SENTENCING GUIDELINES REQUIRE THAT LEGAL CONSTRAINT POINTS BE ASSESSED FOR EACH OFFENSE COMMITTED WHILE UNDER LEGAL CONSTRAINT?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. Having answered this question in the negative in Flowers v. State, 586 So.2d 1058 (Fla.1991), we quash the decisions below and remand these cases to the district court for reconsideration in light of Flowers.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.