PER CURIAM.
We review the consolidated cases of Jackson v. State, 569 So.2d 527 (Fla. 5th DCA 1990), Jones v. State, 569 So.2d 530 (Fla. 5th DCA 1990), Morrison v. State, 569 So.2d 1373 (Fla. 5th DCA 1990), Znajmiecki v. State, 569 So.2d 531 (Fla. 5th DCA 1990), and Graham v. State, 569 So.2d 530 (Fla. 5th DCA 1990). The basis for our jurisdiction lies in the fact that the Fifth District Court of Appeal rendered a per curiam decision in reliance upon Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990), quashed, 586 So.2d 1058 (Fla.1991). Art. V, § 3(b)(3) of the Florida Constitution; Jollie v. State, 405 So.2d 418 (Fla.1981). In Flowers, the Fifth District Court certified the following question:
DO FLORIDA’S UNIFORM’SENTENCING GUIDELINES REQUIRE THAT LEGAL CONSTRAINT POINTS BE ASSESSED FOR EACH OFFENSE COMMITTED WHILE UNDER LEGAL CONSTRAINT?
Flowers, 567 So.2d at 1055. We answered this question in the negative in Flowers v. State, 586 So.2d 1058 (Fla.1991). Accordingly, we quash the decisions below and remand for reconsideration consistent with our opinion in Flowers.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.