JOANOS, Chief Judge.
Robert Napier appeals the sentences imposed upon him based upon a sentencing guidelines point total calculated by multiplying the number of points assessed for legal constraint by the number of his felony convictions. The state recognizes that this court’s decisions require that appellant’s sentence be vacated, and the case remanded for resentencing. See Wilson v. State, 580 So.2d 303 (Fla. 1st DCA1991); Sellers v. State, 578 So.2d 339 (Fla. 1st DCA 1991). Accord Scott v. State, 574 So.2d 247 (Fla. 2d DCA 1991), jurisdiction accepted, decision pending, State v. Scott, 581 So.2d 1310 (Fla.1991); Lewis v. State, 574 So.2d 245 (Fla. 2d DCA 1991), jurisdiction accepted, State v. Lewis, 580 So.2d 753 (Fla.1991); Cabrera v. State, 576 So.2d 1358 (Fla. 3d DCA 1991). However, the state maintains that if the issue is remanded for resentencing, the guidelines score-sheet should be corrected to reflect that appellant was convicted of six counts of burglary of a dwelling, a second degree felony, rather than burglary of a structure, a third degree felony. We agree.
Accordingly, appellant’s sentences are vacated and the cause is remanded for re-sentencing, pursuant to this court’s decisions in Wilson and in Sellers. Upon remand, the guidelines scoresheet should be *658 corrected to reflect convictions for the second degree felony of burglary of a dwelling, as opposed to the third degree felony of burglary of a structure. In addition, we certify that our resolution of the issue in this case is in direct conflict with decisions of the fourth and fifth district courts of appeal in Carter v. State, 571 So.2d 520 (Fla. 4th DCA 1990), jurisdiction accepted, 581 So.2d 163 (Fla.1991); and Walker v. State, 546 So.2d 764 (Fla. 5th DCA 1989).
ERVIN and BARFIELD, JJ., concur.