588 So.2d 296 (1991)
Antonio SWINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1348.
District Court of Appeal of Florida, Fifth District.
October 31, 1991.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Swinson appeals from his judgments of guilt and sentences for conspiracy to traffic in cocaine,[1] four counts of possession of *297 cocaine,[2] three counts of sale of cocaine,[3] and a weapons charge.[4] He raises various issues to challenge his convictions, all of which we find lack merit. However, we do find two sentencing errors were made: 1) Swinson should not have been sentenced as an habitual offender because his sentencing was based on two Georgia convictions and 2) a multiplier should not have been used in calculating legal constraint points. Accordingly, we vacate the sentences and remand for resentencing.
The habitual offender statute, section 775.084, was amended effective October 1, 1989, to allow consideration of out-of-state convictions.[5] However, the crimes for which Swinson was convicted and sentenced in this case were committed between May 2, 1989 and August 31, 1989. Under the 1988 version of this statute, the court may impose an extended term of imprisonment if it finds the defendant "has previously been convicted of two or more felonies in this state. ..." (emphasis added). The 1988 version did not permit consideration of out-of-state criminal convictions in establishing habitual offender status.[6]
Defense counsel failed to challenge Swinson's habitual offender status at sentencing on the ground that the 1988 version should have been applied rather than the 1989 version. But he did object to the classification on other grounds. We can consider this error on appeal because it is a substantive, constitutional one,[7] and one that is "fundamental," in the sense that it need not be "preserved" below to be raised on appeal.[8] A court cannot apply a substantive criminal law to an event which precedes its effective date. To do so would make it an ex post facto law. Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); Lee v. State, 294 So.2d 305 (Fla. 1974).
Swinson also argues that his total score was improperly augmented by multiplying legal constraint points for each count for which he was convicted. This district and the fourth district have permitted such multiplication.[9] Our sister courts in the first, second and third districts disagree.[10] The Florida Supreme Court has recently resolved this issue in favor of the defendant and has held that legal constraint points should be scored only once rather than for each offense committed. Flowers v. State, 586 So.2d 1058 (Fla. 1991). Thus Swinson's score must be recalculated.
Accordingly, we affirm the judgments of conviction appealed in this cause; we vacate the sentences, and remand for resentencing.
AFFIRMED in part; sentences VACATED; REMANDED for resentencing.
GOSHORN, C.J., and DAUKSCH, J., concur.
NOTES
[1] §§ 893.135(1)(b), (3); 893.135(5), Fla. Stat. (1989).
[2] §§ 893.03(2)(a)4; 893.13(1)(f), Fla. Stat. (1989).
[3] §§ 893.03(2)(a)4; 893.13(1)(f), Fla. Stat. (1989).
[4] § 790.07(2), Fla. Stat. (1989).
[5] The revised statute provides:

`Habitual felony offender' means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses. ... (emphasis added)
[6] Parrish v. State, 571 So.2d 97 (Fla. 1st DCA 1990).
[7] U.S. Const. Art. 1, § 10; Art. 1, § 10, Fla. Const.
[8] Carnegie v. State, 564 So.2d 233 (Fla. 1st DCA 1990). See also Ghianuly v. State, 516 So.2d 277 (Fla. 2d DCA 1987).
[9] Carter v. State, 571 So.2d 520 (Fla. 4th DCA 1990), jurisdiction accepted, 581 So.2d 163 (Fla. 1991); Green v. State, 570 So.2d 1014 (Fla. 5th DCA 1990); Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990); Walker v. State, 546 So.2d 764 (Fla. 5th DCA 1989).
[10] Wilson v. State, 580 So.2d 303 (Fla. 1st DCA 1991); Cabrera v. State, 576 So.2d 1358 (Fla. 3d DCA 1991); Scott v. State, 574 So.2d 247 (Fla. 2d DCA), jurisdiction accepted, 581 So.2d 1310 (Fla. 1991).