W. SHARP, Judge.
Pursuant to Flowers v. State, 586 So.2d 1058 (Fla.1991), we quash the guideline sentences totalling ten years incarceration and five years probation appellant received for the criminal offenses involved in this appeal. Appellant’s scoresheet multiplied the points for “legal status” by the number of offenses committed by appellant while under legal constraint, as we previously directed in Walker v. State, 546 So.2d 764 (Fla. 5th DCA 1989).
The error in this case placed appellant in a higher recommended sentencing bracket (nine to twelve years) than he should have been (8 ¾⅛ to 4½ years, recommended; and 2⅛⅛ to 5⅛ years, permitted), had the legal constraint points not been multiplied. Thus the ten year term of incarceration is a “departure” sentence, and not permissible without contemporaneous written reasons.
But obviously the trial court did not think it was imposing a departure sentence. Accordingly, we vacate the sentences and remand for resentencing consistent with Flowers. The trial court may, in its discretion, impose a “departure sentence” on re-sentencing. State v. Vanhorn, 561 So.2d 584 (Fla.1990); State v. Betancourt, 552 So.2d 1107 (Fla.1989).
*471 Sentences VACATED; REMANDED for resentencing.
COWART and HARRIS, JJ., concur.