FARMER, Judge.
In number 91-2177, appellant was being sentenced for the separate offénses of attempted sexual battery and simple battery, each of which was also a violation of probation imposed in an earlier case. At the sentencing, the trial judge relied on our decision in Carter v. State, 571 So.2d 520 (Fla. 4th DCA 1990), and multiplied legal constraint points by a multiplier of two (one for each of the substantive offenses for which he was being sentenced). Unfortunately, the use of a multiplier for legal restraint points, and consequently our Carter decision,[1] was disapproved by the supreme court in Flowers v. State, 586 So.2d 1058 (Fla.1991).
The state argues that recalculating the guidelines score after removing the multiplier may not change the result, and thus we should affirm as harmless error. In Cochran v. State, 592 So.2d 784 (Fla, 4th DCA 1992), however, we rejected the same argument in identical circumstances. We thus reverse and remand for resentencing, because “it cannot be assumed here that the change in score might not impact the exercise of the court’s discretion.” 592 So.2d at 784.
We also reverse the sentence in number 91-2178 so that it may be corrected, as the state has conceded, to show the correct charge to which defendant actually pleaded.
REVERSED AND REMANDED WITH DIRECTIONS.
WARNER, J„ and DIMITROULEAS, WILLIAM P., Associate Judge, concur.

. See Carter v. State, 586 So.2d 340 (Fla.1991).