550 So.2d 1190 (1989)
Allen Lloyd KINMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2140.
District Court of Appeal of Florida, Fifth District.
November 2, 1989.
*1191 James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Kinman appeals from his sentences imposed after pleading nolo contendere to two counts of forgery.[1] He asserts that the trial court erred in assessing six points for legal constraint on his scoresheet because the state failed to adduce any proof that there was a warrant issued for his arrest at the time the forgery offenses were committed. We agree and quash the sentence.
The trial court sentenced Kinman to two terms of twenty-four months on community control, to be served concurrently. No reasons for departure sentences under the guidelines were given, and the sentences imposed fell within the second sentencing bracket of the sentencing guidelines which permits sanctions of "community control or 12-30 months incarceration." Without the addition of six points for legal constraint, the presumptive sentencing bracket would have been "any non-state prison sanction."
At the sentencing hearing, the state argued the trial court should find, by way of inference, that one or more arrest warrants had been issued by Duval County because that was its practice when persons fail to appear in court for traffic fines. It offered Kinman's certified driving record which discloses fourteen traffic offenses in Duval county for which he had failed to pay any fines. At the sentencing hearing, Kinman claimed he had attended the hearings, but had refused to pay the fines, which was why his driving license had been suspended.[2] However, there is no evidence in this record that Kinman failed to attend the hearings, or that warrants were issued for his arrest.
Points for legal constraint may be assessed for having outstanding warrants based on traffic offenses when a defendant commits a crime. See e.g. Marshalek v. State, 536 So.2d 1072 (Fla. 4th DCA 1988). However, the state must establish those salient facts with competent evidence. Here it failed to do so. There is no evidence that Kinman failed to appear at any of the hearings, or that any warrant was issued and was outstanding when he committed the present forgery offenses. Therefore, it was error for the trial court to score the six points for legal constraint.
Accordingly, we quash the sentence and remand for resentencing.
QUASH sentence; REMAND.
DANIEL, C.J., and HARRIS, Associate Judge, concur.
NOTES
[1] § 831.02, Fla. Stat. (1987) (uttering a false or forged instrument); § 831.01, Fla. Stat. (1987) (forgery).
[2] This testimony is confirmed by section 318.15 Florida Statutes (1987) which states:

(1) If a person fails to comply with the civil penalties provided in s. 318.18 within the time period specified in s. 318.14(4), fails to attend driver improvement school, or fails to appear at a scheduled hearing, the clerk of the court shall notify the Division of Driver Licenses of the Department of Highway Safety and Motor Vehicles of such failure within 5 days after such failure. Upon receipt of such notice, the department shall immediately issue an order suspending the driver's license and privilege to drive of such person as of the date of such failure and shall send such person notice of such suspension. (emphasis added)