PETERSON, Judge.
Leslie Blaine Pigue appeals a guideline sentence alleging miscalculation of the underlying scoresheet. Under the prior record category, the sentencing court assessed four bond estreatures as four misdemeanors, resulting in the addition of 16 points. The 16 points advanced Pigue into the next higher cell, allowing the court to sentence him to 22 years in the department of corrections. We reverse and remand for resentencing.
Rule 3.701(d)(5)(a), Florida Rules of Criminal Procedure, provides:
“Prior record” refers to any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense ...:
(1) Entries in criminal histories which show no disposition, disposition unknown, arrest only, or other nonconviction disposition shall not be scored....
“Conviction” is defined in subsection (d)(2) of the rule as “a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended.” Pigue’s criminal history revealed, inter alia, that on various dates he had been charged in Putnam County with driving without a driver’s license and three counts of uttering worthless checks and that bonds were estreated for each of the offenses. The history does not reveal disposition of the charges or whether pleas or trials occurred in the cases.
Section 843.15, Florida Statutes (1987), prescribes penalties for failure of a defendant on bail to appear as required. The defendant shall incur a forfeiture of the security and shall also be guilty of a felony or misdemeanor, depending upon the underlying crime for which the security was given or pledged. Nothing in Pigue’s record indicates that he was ever charged with failure to appear. The most that one could conclude from Pigue’s history that was before the court at sentencing is that the Putnam County court simply forfeited the security on the traffic and three bad check charges. The history is also insufficient to indicate whether Pigue was a fugitive who fled to avoid prosecution or who failed to appear for a criminal proceeding so as to warrant the scoring of an additional six points under Item IV of the score-sheet, entitled “Legal status at the time of offense.” The history simply shows “bond estreated” and the date. C.f., Kinman v. State, 550 So.2d 1190 (Fla. 5th DCA 1989) (error to assess points for legal constraint where state failed to demonstrate that there are warrants issued for defendant’s arrest); Humphrey v. State, 543 So.2d 420 (Fla. 5th DCA 1989) (error to assess points for legal constraint where record did not show that, at time of arrest, a warrant for failure to appear was outstanding).
Since a bond estreature is not defined as a prior conviction under Rule 3.701, it was error to assess points for Pigue’s bond forfeitures. The reduction of points for the previously scored forfeitures places Pi-gue into a lower sentencing range and requires his resentencing.
REVERSED and REMANDED for re-sentencing.
GOSHORN and GRIFFIN, JJ., concur.