W. SHARP, Judge.
Pierre appeals from her sentence of two years community control on the ground that the sentencing guideline scoresheet included fourteen points based on an erroneous finding that she was under legal constraint [1] at the time her offense was committed. She pled nolo contendere to possession of cocaine with the intent to sell,[2] and was sentenced pursuant to a category 7 scoresheet. Without the fourteen points, Pierre would have had a guidelines score which placed her in the range of any non-state prison sanction rather than the second bracket, where she was sentenced. We agree Pierre should not have been assessed the fourteen legal constraint points.
The points were assessed against Pierre because a warrant for worthless check charges was issued on November 16, 1989. The drug offense was committed April 11, 1991. However, the warrant was not executed or served on her until December 19, 1991.
*503 The sentencing guidelines define “legal status at time of offense” as follows:
Offenders on parole, probation, or community control; in custody serving a sentence; escapees; fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs.
Fla.R.Crim.P. 3.701d.6.
The issue in this case is whether the mere issuance of a warrant, as yet unexe-cuted at the time of the offense for which a person is being sentenced, puts them in the category of being a fugitive who has either fled to avoid prosecution, or who has failed to appear in a criminal judicial proceeding. Reading the guidelines conservatively as we must,[3] we think the issuance of an unexecuted warrant is insufficient to place a criminal defendant in the category of “legal status at the time of offense.”
In Kinman v. State, 550 So.2d 1190 (Fla. 5th DCA 1989). Kinman questioned on appeal the assessment of legal status points based on his alleged failure to appear in traffic court. The state argued that it was common practice in Duval County to issue an arrest warrant when persons failed to appear in court for traffic fines. The state offered Kinman’s certified driving record which showed fourteen traffic offenses in Duval County for which he had failed to pay any fines. However, the state did not offer into evidence any arrest warrants or testimony showing that Kinman had failed to appear at traffic hearings. This court held that while outstanding warrants could provide the basis for legal status points, the state’s evidence did not establish legal constraint at the time the primary offense was committed.[4]
In Pigue v. State, 567 So.2d 530 (Fla. 5th DCA 1990), appellant questioned the assessment of legal status points and prior record points based on bond estreatures. The state at sentencing presented evidence that Pigue had been previously charged in Putnam County with one count of driving without a license and three counts of uttering worthless checks, and bonds were es-treated for each of these offenses. This court stated that bond estreatures would be insufficient to establish that Pigue was a fugitive who fled to avoid prosecution or failed to appear for a criminal proceeding. This court reasoned that the county court may have simply forfeited the security on the charges. We held that bond estrea-tures could not be scored as prior record or as legal constraint.
In the instant case it does not appear that defendant was a fugitive from justice at the time of the commission of the primary offense, since the arrest warrant for the worthless check offense had not yet been executed. Nor was there any evidence that defendant had failed to appear at a court hearing. These facts are determinative.
In Marshalek v. State, 536 So.2d 1072 (Fla. 4th DCA 1988), the trial court scored legal constraint points based on outstanding warrants for defendant’s failure to appear on two traffic charges. At the sentencing hearing, defendant introduced copies of county court orders subsequently recalling the warrants because defendant did not receive notice of the hearings. The Fourth District held in that situation it was improper to assess legal constraint points. In Marshalek, the warrants were recalled. In the instant case the warrant was not executed until after commission of the primary offense.
The state argues that a defendant’s knowledge of an outstanding arrest warrant is not relevant to establish legal constraint. However, to establish that a defendant is a fugitive from justice, the state must show that defendant initially was placed under arrest and then knowingly *504 fled to avoid prosecution. Based on the record in this case, the state was only able to show that Pierre had an unexecuted warrant at the time she committed her crime.
Accordingly, legal constraint points should not have been assessed. We vacate the sentence and remand for resentencing pursuant to a corrected scoresheet. See Pigue; Humphrey; Lawrence v. State, 590 So.2d 1068 (Fla. 5th DCA 1991).
SENTENCE VACATED; REMANDED.
PETERSON and GRIFFIN, JJ., concur.

. Fla.R.Crim.P. 3.701A6.

. § 893.13(l)(a)(l), Fla.Stat. (1991).

. See generally, Perkins v. State, 576 So.2d 1310 (Fla.1991); Trotter v. State, 576 So.2d 691 (Fla.1990); State v. Llopis, 257 So.2d 17 (Fla.1971)

. See also Humphrey v. State, 543 So.2d 420 (Fla. 5th DCA 1989) (points for legal constraint were improperly scored where nothing in record supported trial court’s conclusion that at the time of defendant’s arrest there was an outstanding warrant for his failure to appear for a criminal judicial proceeding).