PETERSON, Judge.
Andrew Harden appeals his guidelines sentence, contending that it should be reduced because the trial court erred by assessing legal constraint points on his scoresheet. We quash the sentence and remand for resen-tencing because Harden was not under “legal constraint” for sentencing guidelines purposes.
Previous to the commission of the instant offenses, Harden was adjudicated guilty of obtaining property by worthless check. The order of disposition on that earlier offense required him to pay restitution and costs within 60 days. Although Harden was required to pay restitution, he was not placed on probation for the worthless check offense. The instant trial court should not have assessed points for legal constraint on the ex post facto basis that Harden should have been placed on probation.
We do note that at the time the instant offenses were committed a capias was in effect for Harden’s failure to make the required payment in the worthless check case. But the existence of the capias is not, in itself, a form of legal constraint. See Pierre v. State, 606 So.2d 502 (Fla. 5th DCA 1992). Although Harden may have failed to make the required payments, it is not evidence he failed “to appear” in a “proceeding” that was “criminal” and “judicial.” See Fla. R.Crim.P. 3.701(d)(6) (defining legal status at the time of the offense as, inter alia, “fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding ”) (emphasis added).
Accordingly, we quash the sentencing order and remand for resentencing.
SENTENCING ORDER QUASHED; REMANDED.
DAUKSCH and W. SHARP, JJ, concur.