958 So.2d 1155 (2007)
Andrew L. HARDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1484.
District Court of Appeal of Florida, Fifth District.
June 29, 2007.
Andrew L. Harden, Quincy, pro se.
No Appearance for Respondent.
PER CURIAM.
Andrew L. Harden appeals the trial court's order summarily denying his Florida Rule of Criminal Procedure 3.800(a) motions and directing him to show cause why he should not be barred from filing further pro se proceedings. We affirm.
After a jury trial, Harden was convicted of attempted second-degree murder with a weapon and robbery with a deadly weapon. At his original sentencing, a dispute arose over whether points could properly be scored for legal constraint on his sentencing guidelines scoresheet. The trial court determined that the points could be assessed, and as a result, his scoresheet tally with the legal constraint points placed his sentence in a higher cell. The court then sentenced him to 27 years in prison with each count to be served concurrently.
On appeal, this court reversed Harden's sentence and remanded for resentencing, determining that the trial court should not have assessed points for legal constraint because he was not under legal constraint for sentencing guidelines purposes. Harden v. State, 655 So.2d 187 (Fla. 5th DCA 1995). At resentencing, the trial court again imposed an aggregate prison sentence of 27 years. According to Harden, *1156 the court "achieved this result by going into the permitted range." Harden appealed his resentencing to this court, claiming that the trial court abused its discretion, but this court upheld the resentencing. Harden v. State, 670 So.2d 963 (Fla. 5th DCA 1996). Before filing the instant motions, Harden had filed two prior rule 3.800(a) motions to correct an illegal sentence, but the trial court denied them, and this court affirmed in Harden v. State, 757 So.2d 511 (Fla. 5th DCA 2000), and Harden v. State, 937 So.2d 1114 (Fla. 5th DCA 2006).
In the instant motions,[1] Harden again takes issue with the sentence he received upon resentencing. He even acknowledges that the claim he presently raises was previously raised in the appeal of his resentencing but rejected by this court. However, Harden nonetheless claims that he is entitled to relitigate the issue and be resentenced because otherwise a manifest injustice would result. For support, he cites to State v. McBride, 848 So.2d 287 (Fla.2003), which stated that collateral estoppel would not be invoked to bar relief when its application would result in a manifest injustice.
We reject Harden's argument that he is entitled to relitigate the sentence he received at resentencing. In our view, he has failed to demonstrate that a miscarriage of justice somehow occurred in the instant case just because the trial court imposed the same sentence as before. At resentencing, there was nothing to bar the trial court from reimposing the same sentence because, as indicated, the 27-year-sentence was still within the permitted range of the guidelines, even without the legal constraint points. Accordingly, we warn Harden that if he again attempts to challenge his sentence, we will likely issue an order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999), requiring him to show cause why he should not be barred from further pro se filings and for consideration of disciplinary action pursuant to section 944.279(1), Florida Statutes (2006).
AFFIRMED.
SAWAYA, ORFINGER and LAWSON, JJ., concur.
NOTES
[1] We reject the additional argument raised in Harden's amended motion as meritless without further discussion.