COBB, Judge.
Kenneth Sharp appeals the trial court’s denial of his motion to dismiss a charge of escape, based on the state’s failure to comply with section 941.45, Florida Statutes (1985).[1] Sharp’s contention that section 941.45 applies to him is patently without merit. His return to Florida from Kansas was not predicated upon a detainer lodged against him pursuant to the statute; at the time of his return, there was no “untried indictment, information, or complaint” pending against him in Florida; there was no allegation that Sharp was serving a sentence of imprisonment in Kansas; and there has been no showing that any written request for custody of Sharp was ever presented to Kansas or that such request was ever “approved, recorded, and transmitted” by a Florida court. The trial court correctly denied Sharp’s motion to dismiss, since the requirements of section *53 941.45(4)(c), Florida Statutes (1985), do not apply to Sharp. Consequently, we* affirm the judgment of conviction.
On cross-appeal the state properly contends that Sharp’s sentence was erroneously computed under a category (8) offense classification, which category included escape at the time Sharp was sentenced, but not at the time the offense was committed. See Miller v. State, 482 U.S. -, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). Although this error was not raised below, a contemporaneous objection is not required to correct a sentencing guideline miscalculation. State v. Whitfield, 487 So.2d 1045 (Fla.1986). Accordingly, we reverse the sentence and remand for resentencing under a category (9) scoresheet.
AFFIRMED in part; REVERSED in part; and REMANDED.
SHARP, C.J., and COWART, J., concur.

. The relevant subsection of the statute provides:
(4) REQUEST FOR CUSTODY OR AVAILABILITY.—
(a) The appropriate officer of the jurisdiction in which an untried indictment, information, or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with subsection (5)(a) upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated; provided that the court having jurisdiction of such indictment, information, or complaint shall have duly approved, recorded, and transmitted the request and provided further that there shall be a period of 30 days after receipt by the appropriate authorities before the request be honored, within which period the governor of the sending state may disapprove the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner.
(c) In respect of any proceeding made possible by this subsection, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state....
(Emphasis supplied.)