569 So.2d 888 (1990)
Glen GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2483.
District Court of Appeal of Florida, First District.
November 13, 1990.
Barbara M. Linthicum, Public Defender, and David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, Glen Green, challenges his conviction and sentence for sexual battery with force likely to cause serious personal injury. Although we affirm the conviction without further comment, we find it necessary to reverse the life sentence and remand for resentencing.
The record reveals a miscalculated scoresheet. When the points on appellant's scoresheet are added they produce a total of 581 points instead of the 585 points that appears on the scoresheet. The correct total would place appellant in a cell that carries a recommended range of 27 to 40 years and a permitted range of 22 years to life. Because of the error, the sentencing judge was under the mistaken impression that appellant fell within a recommended range of life in prison that corresponds to the incorrect score of 585 points.
On appeal, the state asks us to affirm appellant's life sentence and to disregard the miscalculated scoresheet. The state argues that the life sentence imposed was within the permitted range of the proper cell and that the sentencing judge indicated *889 his desire to impose a life sentence in any case. We reject this argument because it ignores the significance of the recommended range as the starting point for guidelines sentencing.
The proper procedure for imposing a guidelines sentence requires the sentencing judge to consider the applicable recommended range before exercising his discretion to move into the permitted range. See Fla.R.Crim.P. 3.701(d)8. Of course, a mistake as to the applicable recommended range subverts this process and effectively places the sentence upon a faulty foundation. Such a mistake requires resentencing so that the judge can consider the proper recommended range before deciding whether it is necessary to resort to the permitted range.
Accordingly, appellant's conviction is affirmed but the case is remanded for resentencing.
WIGGINTON, MINER and WOLF, JJ., concur.