588 So.2d 63 (1991)
Tommy TERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-731.
District Court of Appeal of Florida, Fifth District.
October 31, 1991.
*64 James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
The trial court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea entered pursuant to a plea agreement and the defendant's judgment of conviction is affirmed. However, the defendant's guidelines sentence scoresheet shows that points for legal constraint were multiplied by the number of offenses committed while under legal constraint. This is error. In Flowers v. State, 586 So.2d 1058 (Fla. 1991), quashing Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990), the supreme court held that legal status points on a guidelines scoresheet should be scored only once and not multiplied by the number of offenses committed by the defendant while under legal constraint. Subtracting the excess legal constraint points from the defendant's category 5 scoresheet form results in the next lower recommended range of 5 1/2-7 years and a permitted range of 4 1/2-9 years. Although the defendant's sentence of 8 years incarceration falls within the reduced permitted range, nevertheless, the scoresheet error should be corrected and not be viewed as harmless merely because a departure sentence did not result, see Green v. State, 569 So.2d 888 (Fla. 1st DCA 1990). The sentence is vacated with directions that a correct scoresheet be prepared and the defendant be resentenced in accordance with that scoresheet and his plea agreement.
JUDGMENT AFFIRMED; SENTENCE VACATED; CAUSE REMANDED.
DAUKSCH and COBB, JJ., concur.