ON MOTION FOR REHEARING
W. SHARP, Judge.
We grant rehearing in this case and withdraw our prior opinion. Pharr appealed from sentences imposed after his convictions for attempted arson, forgery, uttering a forgery and (after revocation of probation) for attempted purchase of cocaine. The scoresheet used at sentencing for these offenses included triple points for having committed three crimes while on probation. We affirmed pursuant to Walker v. State, 546 So.2d 764 (Fla. 5th DCA 1989).
However, after this appeal was filed and briefed and after our opinion issued, the holding in Walker was disapproved by the Florida Supreme Court. See Flowers v. State, 586 So.2d 1058 (Fla.1991). Use of the incorrect points in Pharr’s scoresheet does not appear to be harmless error.[1] Accordingly, he is entitled to be sentenced pursuant to a correctly calculated score-sheet.
The state argues the error in this case is harmless because Pharr could have been sentenced to the nine year term he re *536 ceived, even if the scoresheet correctly reflected 48 fewer points for “legal constraint.” That is true, but there is no indication in this record that the sentencing judge would have imposed the same sentence, had the scoresheet been correctly calculated; in fact, the indications are to the contrary.
The scoresheet used in this case totalled 230 points for a category 9 primary offense. The recommended range was 7 to 9 years; the permitted range was 5¾⅛ to 12 years. In addition, since Pharr was being sentenced after violation of probation, the court could have gone up to the next sentencing bracket: 9-12 years recommended; and 7 to 17 permitted. However, the judge sentenced Pharr to 9 years for the primary offense and concurrent 5-year terms for the other 3 offenses.
Had the scoresheet been correctly calculated, it would have totalled 182 points. The recommended bracket is 5½ to 7 years and the permitted bracket is 4¥2 to 9 years. Using the bump-up for probation violation, the recommended bracket would have been 7 to 9 years and the permitted bracket 5V2 to 12 years. However, in Pharr’s case, the trial court chose not to bump-up for the probation violation and it sentenced Pharr to what it thought was the upper end of the recommended range, not the permitted range.
Had that pattern been followed with a correctly calculated scoresheet, Pharr would have been sentenced to 7 years for the primary offense — two years below the sentence received in this case. Thus, in all fairness to Pharr, he is entitled to be resen-tenced by the trial judge, pursuant to a correctly formulated scoresheet. Accordingly, we vacate the sentence imposed in this case and remand for resentencing.
Sentences VACATED; REMANDED for resentencing.
COWART and PETERSON, JJ., concur.

. See Terry v. State, 588 So.2d 63 (Fla. 5th DCA October 31, 1991); Green v. State, 569 So.2d 888 (Fla. 1st DCA 1990).