590 So.2d 1068 (1991)
Fredrick M. LAWRENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-825.
District Court of Appeal of Florida, Fifth District.
December 19, 1991.
*1069 James B. Gibson, Public Defender, and M.A. Lucas, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
This is another sentencing guidelines scoresheet case.
The defendant was convicted of lewd and lascivious assault upon a child (§ 800.04(1), Fla. Stat.) and two burglaries of a structure (§ 810.02(3), Fla. Stat.). The guidelines scoresheet used at sentencing shows a recommended guideline range of 4 1/2-5 1/2 years incarceration and a permitted range of 3 1/2-7 years. The defendant was sentenced under the guidelines to a total of 5 1/2 years incarceration. The defendant claims on appeal that his guideline score was miscalculated.
The lewd and lascivious assault offense was a second degree felony, and was properly scored as the primary offense on a category 2 scoresheet. The two burglary offenses were third degree felonies and scored as additional offenses. Although the scoresheet correctly designated the two burglary offenses as third degree felonies, 53 points were assigned, which would have been proper only if the burglaries were life felonies. The defendant should have been assessed only 30 points for the burglary offenses. See Fla.R.Crim.P. 3.988(b). The subtraction of the excess 23 points reduces the defendant's guideline score from 231 to 208, and places him in the next lower range. Under a correct scoresheet, the recommended range would be 3 1/2-4 1/2 years, with a permitted range of 2 1/2-5 1/2 years.
The State claims that the defendant waived this issue by not presenting a contemporaneous objection at sentencing. Alternatively, the State argues that the defendant's total guideline sentence of 5 1/2 years would fit within the correct permitted range, so any error would be harmless.
The scoresheet error is clear on its face. This sentencing issue, then, is a question of law and may be raised on appeal without contemporaneous objection. See Merchant v. State, 509 So.2d 1101 (Fla. 1987) (failure to make contemporaneous objection to scoresheet error does not bar appeal where error is clear on record); Sharp v. State, 522 So.2d 51 (Fla. 5th DCA 1988), rev. denied, 531 So.2d 168 (Fla. 1988). See also Fla.R.Crim.P. 3.800(a) (a court may at any time correct an incorrect calculation made by it in a sentencing guidelines scoresheet).
The scoresheet error did not result in a departure sentence since the defendant's total guideline sentence fell within the correct permitted range. However, appellate courts have been reluctant to apply the harmless error test unless a scoresheet miscalculation does not change the recommended range. See, e.g., Ewing v. State, 526 So.2d 1029 (Fla. 1st DCA 1988) (miscalculation caused by use of the wrong scoresheet which did not change the recommended range is harmless error). It is considered important that the trial court have a correct scoresheet before determining whether to apply the permitted range. See Terry v. State, 588 So.2d 63 (Fla. 5th DCA 1991) (even where defendant's sentence fell within the reduced permitted range, scoresheet error should be corrected and not viewed as harmless merely because a departure sentence did not result); Lewis v. State, 574 So.2d 245 (Fla. 2d DCA 1991), approved in State v. Worley, 586 So.2d 338 (Fla. 1991) (incorrect score not harmless error even though sentence still within permitted range); Green v. State, 569 So.2d 888 (Fla. 1st DCA 1990) (court must consider recommended range before sentencing to permitted range; miscalculation requires remand even if sentence within permitted range). But see Arias v. State, 584 So.2d 234 (Fla. 3d DCA 1991) (even without guideline points in question, defendant's sentence was still within the permitted range so it should be affirmed).
Where a scoresheet error changes the recommended range, the sentence imposed, although within the permitted range, should be vacated and the cause *1070 remanded for resentencing upon a correct scoresheet to assure that a defendant was not sentenced and is not being confined because of a mistaken judicial impression based on an inaccurate guidelines scoresheet.
SENTENCE VACATED; CAUSE REMANDED.
W. SHARP, COWART and DIAMANTIS, JJ., concur.