593 So.2d 309 (1992)
Charles Randall HORNE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1444.
District Court of Appeal of Florida, Fifth District.
January 31, 1992.
*310 James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Appellant, a juvenile, was prosecuted as an adult and convicted of robbery with a firearm and attempted robbery with a firearm. The trial court imposed concurrent split sentences of eight years incarceration followed by five years probation. The incarcerative portion fell within the guidelines.
Appellant contends that the trial court violated his sentencing rights as a juvenile by imposing adult sanctions without considering the statutory criteria in section 39.059(7), Florida Statutes (Supp. 1990). We agree.
Section 39.059(7)(c) lists six criteria for consideration by the court before imposing adult sanctions. Section 39.059(7)(d) states that any decision to impose adult sanctions shall be in writing and in conformity with each of the criteria. The court must render a specific finding of fact and state the reasons for imposing adult sanctions. See Surrency v. State, 585 So.2d 464 (Fla. 5th DCA 1991); Taylor v. State, 573 So.2d 173 (Fla. 5th DCA 1991); Lang v. State, 566 So.2d 1354 (Fla. 5th DCA 1990).
Appellant's second issue concerns the use of a legal constraint multiplier. The supreme court has held that legal status points may be scored only once. See Flowers v. State, 586 So.2d 1058 (Fla. 1991). This court has held that use of a legal constraint multiplier is not harmless merely because a defendant's sentence falls within the permitted range. See Terry v. State, 588 So.2d 63 (Fla. 5th DCA 1991).
Conviction AFFIRMED; sentences REVERSED and REMANDED for resentencing.
COWART and GRIFFIN, JJ., concur.