600 So.2d 1310 (1992)
Michael GOODWIN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2802.
District Court of Appeal of Florida, Fifth District.
June 26, 1992.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Michael Goodwin pled nolo contendere to attempted sexual battery upon a person less than twelve years of age and to committing a lewd act upon a child. His recommended sentencing range was five and one-half years to seven years; his permitted range was four and one-half years to nine years. He was sentenced to four and one-half years in prison to be followed by ten years probation.
Because penetration occurred and pursuant to our earlier decisions, his score sheet included points for victim injury. In Karchesky v. State, 591 So.2d 930 (Fla. 1992) the supreme court has disallowed such scoring and we are required to reverse for resentencing after the preparation of a corrected scoresheet.
The State's position that there is no harm because the sentence remains within the permitted range of even a corrected scoresheet is without merit. The court at the original sentencing exercised its discretion to enter the least severe sentence allowed in the permitted range. On remand, the judge should be permitted that same discretion. Goodwin is entitled to be sentenced *1311 under a correct scoresheet. Terry v. State, 588 So.2d 63 (Fla. 5th DCA 1991).
REVERSED and REMANDED for resentencing.
GOSHORN, C.J., and W. SHARP, J., concur.