632 So.2d 1052 (1994)
Mark BROWN, a/k/a Warren F. Hyson, Mark Hyson, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2589.
District Court of Appeal of Florida, Fifth District.
January 7, 1994.
Rehearing Denied March 7, 1994.
*1053 James B. Gibson, Public Defender and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
Mark Brown, a/k/a Warren F. Hyson, a/k/a Mark Hyson, appeals from the judgment and sentence of the trial court. Brown was charged with two counts of sexual battery,[1] armed burglary,[2] robbery with a deadly weapon[3] and grand theft second degree of a motor vehicle.[4] He was tried and found guilty of sexual battery with great force in count I, burglary of a dwelling with a dangerous weapon in count III and robbery with a deadly weapon in count IV. He was acquitted of counts II and V. We affirm his convictions but reverse and remand for resentencing.
Brown raises several points on appeal, but only his argument concerning the sentence imposed has merit. The trial judge sentenced Brown to life imprisonment as a deviant sexual offender under count I and concurrent life sentences as a habitual violent felony offender under counts III and IV. Brown does not object to the scoring of the sexual battery (262 points) as the primary offense or the scoring of the two other felonies as additional offenses (48 points). Brown does object to the scoring of his prior record (217 points), legal status (30 points) and victim injury (85 points).
Because Brown objected to the scoresheet calculations regarding his prior record, the state had the burden of proving each and every offense relied on in the prior record. See Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985). The state presented certified records and testimony from Brown's former lawyer to prove several prior convictions: a) two second degree felonies, i.e. two robberies; b) two third degree felonies, i.e. one theft and one receiving stolen property; and, c) one misdemeanor, i.e. false imprisonment. They were scored, respectively, 159 points for the two second degree felonies, 53 points for the two third degree felonies, and 5 points for the one misdemeanor. The total for his prior record was 217 points. Brown correctly argues that it was error to assess points against him for both theft and receiving stolen property because the two offenses involved the same property and Florida law prohibits separate sentences for theft of and receiving the same stolen property. See T.S.R. v. State, 596 So.2d 766 (Fla. 5th DCA 1992). Therefore, 27 points should be removed from his scoresheet.
Another 30 points should be removed because the state never proved that Brown was under prior legal constraint. The state offered no evidence to corroborate that Brown was under legal constraint other than hearsay information in his PSI. Without corroboration, those points must be removed. See Jackson v. State, 552 So.2d 1193 (Fla. 5th DCA 1989). Finally, 45 points should be removed from the scoresheet because the trial judge assessed 85 points for severe victim injury based upon the emotional trauma to the victim as a result of the sexual battery. This enhancement is prohibited. The trial judge admitted at sentencing that the physical injuries were not sufficient to score as severe, but he felt the emotional injuries suffered were sufficient to increase the points for victim injury. See Karchesky v. State, 591 So.2d 930 (Fla. 1992); Fla. R.Crim.P. 3.988(b). The correct points to be assessed are 40 for penetration or slight injury.
With the corrections, the total points are 540. Brown's sentencing cell is lowered by two with a new permitted range of 17-40 years and a recommended range of 27-40 years. The life sentence is vacated and the case remanded for sentencing consistent with this opinion. Since the trial judge did not *1054 realize that the sentence he imposed was a departure sentence, upon remand the trial judge can sentence Brown within the guidelines or enter written reasons why a departure sentence is appropriate. State v. Betancourt, 552 So.2d 1107 (Fla. 1989).
REVERSED and REMANDED with instructions.
HARRIS, C.J., concurs.
GOSHORN, J., concurs specially, with opinion.
GOSHORN, Judge, concurring specially.
The supreme court in Karchesky v. State, 591 So.2d 930 (Fla. 1992) held that when scoring victim injury, "injury" is limited to physical trauma and does not include psychic trauma or injury. I therefore concur in the result reached by the majority, but direct the trial court's attention to the Karchesky court's observation "that in some cases psychic injury could be appropriately considered as a legitimate ground for departure from the guidelines sentence." Id. at 932 (citing Florida Rules of Criminal Procedure, 509 So.2d 1088, 1089-90 (Fla. 1987)).
NOTES
[1] § 794.011(3), Fla. Stat. (1989), vaginal penetration in count I and anal penetration in count II.
[2] § 810.02(2), Fla. Stat. (1989) in count III.
[3] § 812.13(2), Fla. Stat. (1989) in count IV.
[4] § 812.014, Fla. Stat. (1989) in count V.