667 So.2d 991 (1996)
Catalino DIAZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-496.
District Court of Appeal of Florida, Third District.
February 14, 1996.
*992 Bennett H. Brummer, Public Defender, and Lorraine C. Holmes, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before NESBITT, BASKIN, and JORGENSON, JJ.
PER CURIAM.
Catalino Diaz was charged by information with attempted second-degree murder with a firearm and found guilty of the charge by a jury. He was adjudicated guilty and the cause was set for sentencing. The sentencing guidelines scoresheet scored Diaz' conviction at the level of a first-degree felony punishable by life, and with recommended and permitted sentences of 12 to 17 years and 7 to 22 years, respectively. The court sentenced Diaz to the minimum recommended sentences, 12 years, enhanced with the minimum three-year term for use of a firearm. Diaz timely appealed.
Diaz' sole argument on appeal pertains to the sentence imposed. At the sentencing hearing, Diaz contended that the guidelines scoresheet was incorrect. His argument was that the scoresheet categorized the crime committed, attempted second-degree murder, as a first-degree felony punishable by life, but that the crime was in fact a first-degree felony. The state concedes the guidelines calculation error. Diaz should have been scored at 136 sentencing points for the first-degree felony, plus 21 for victim injury, not 150 points for a first-degree felony punishable by life, plus the 21 points. Thus, the recommended sentence should have been 7 to 12 years, not 12 to 17 years.
While Diaz' 12-year sentence falls within the corrected recommended range, we are unable to conclude from this record that Diaz' sentence would have been the same had the trial court used a correctly calculated scoresheet. See Jaramillo v. State, 646 So.2d 840 (Fla. 2d DCA 1994); Sellers v. State, 578 So.2d 339 (Fla. 1st DCA), approved, 586 So.2d 340 (Fla.1991).
Accordingly, we vacate the sentence under review and remand for resentencing with a properly calculated scoresheet.