674 So.2d 920 (1996)
Abdullah SHABAZZ, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2505.
District Court of Appeal of Florida, Fourth District.
June 5, 1996.
Richard L. Jorandby, Public Defender, and Ellen Morris, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda Melear, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
We affirm appellant's conviction for armed sexual battery, but vacate his sentence because of an error in the sentencing guidelines scoresheet. Because the trial court imposed a sentence which included a three-year mandatory minimum as required by section 775.087(2), Florida Statutes (1993), it was error for the guidelines scoresheet to include an additional eighteen points for possession of a firearm. See § 921.0014, Fla. Stat. (1993); Dacosta v. State, 672 So.2d 861 (Fla. 3d DCA 1996); Shepherd v. State, 661 So.2d 426 (Fla. 3d DCA 1995).
This error results in a difference in the permissive sentencing range. Although appellant's twelve-year sentence falls within the permissive range of a properly calculated scoresheet, we are unable to conclude that appellant's sentence would have been the same had the trial court utilized a correctly calculated scoresheet. See Diaz v. State, 667 So.2d 991 (Fla. 3d DCA 1996); Jaramillo v. State, 646 So.2d 840, 842 (Fla. 2d DCA 1994); Sellers v. State, 578 So.2d 339, 340 (Fla. 1st DCA), approved, 586 So.2d 340 (Fla.1991); cf. Huggins v. State, 537 So.2d 207 (Fla. 4th DCA 1989).
*921 Accordingly, this cause is remanded for resentencing based upon a properly calculated scoresheet.
STONE and KLEIN, JJ., concur.