ANTOON, Judge.
Christopher Poe (defendant) appeals his judgment and sentence for armed burglary with an assault,[1] two counts of armed robbery,[2] armed grand theft of an automobile while masked,[3] and three counts of false imprisonment.[4] He contends that the trial court erred in using an incorrectly calculated guideline scoresheet and in imposing a three-year mandatory sentence for the offense of armed grand theft of an automobile while masked. We affirm as modified.
Prior to trial, the defendant entered into a plea agreement with the state for a guideline sentence. The agreement did not include the specific length of the sentence. However, defense counsel advised the trial court that he understood the range would be between 122 months and 206 months. The trial court accepted the defendant’s guilty plea.
At the sentencing hearing, two scoresheets were presented to the trial court. One had been prepared by the Department of Corrections and the other by the statewide prosecutor. There was some disagreement as to which scoresheet should be used. Rather than resolving this dispute, the trial court crafted the following resolution:
COURT: This is the Department of Corrections’ scoresheet, which is what I am going to go with. Okay. I will still file the score sheet that is submitted, because my sentence is not going to be outside the guidelines where both your score sheet, Mr. LaFay, and the score sheet that’s provided by the Department of Corrections has set. I will be right in between that realm where both your score sheet and, again, the Department of Corrections’ score sheet meet, making any argument one way or the other, well, potentially *335 harmless, because it still will fall within the range of both.
[[Image here]]
STATE: Judge, we have computed the guidelines. At the low end is 151.05, high end is 237.35. The court has requested the mean or average between the two of them. My computations come to 194.2.
The defendant agreed and was sentenced to 194.2 months in prison.
On appeal, the defendant for the first time argues that the trial court used a scoresheet which incorrectly categorized false imprisonment and grand theft as level 9 offenses rather than level 6 and level 4 offenses, respectively. See § 921.0012, Fla. Stat. (1995). He contends that, had the trial court used a correctly prepared scoresheet, the recommended sentence would have been 171.4 months and the permitted range would have been 128.55 to 214.25 months’ incarceration.
While we agree with the defendant that it is the trial court’s responsibility to ensure that a properly calculated scoresheet is used, the failure to do so in the instant case does not constitute reversible error. The plea agreement called for a guideline sentence. The sentence imposed fell within the guideline range under a correctly prepared score-sheet. Therefore, the defendant received the benefit of his bargain with the state, and the error was harmless.
By affirming the sentence, we do not approve of the trial court’s use of an erroneous scoresheet. As frustrating, confusing and time-consuming as it is to address the plethora of guideline issues which arise at sentencing, trial judges have the ultimate responsibility to ensure that scoresheets are properly prepared. See generally, Fla. R.Crim. P. 3.701 Commission Notes (d)(1) (1988).
This case is distinguishable from Goodwin v. State, 600 So.2d 1310 (Fla. 5th DCA 1992), and Diaz v. State, 667 So.2d 991 (Fla. 3rd DCA 1996). In Goodwin, the trial court sentenced the defendant, using a score-sheet which improperly scored victim injury points to the minimum sentence within the permitted range. A correct scoresheet would have provided a more lenient sentence. This court reversed because it was evident that the trial court intended to sentence the defendant to the least severe sentence allowed under the guidelines. Id. 600 So.2d at 1310.
In Diaz, the trial court sentenced the defendant to 12 years using an improperly calculated scoresheet with a recommended range of 12 to 17 years. A correctly prepared scoresheet would have yielded a recommended range of 7 to 12 years. The third district reversed, stating that it was unable to conclude from the record that the trial court would have imposed the same sentence had it used a correct scoresheet. Diaz, 667 So.2d at 992.
In the instant case, the sentence imposed was not only within the guideline range under a properly prepared scoresheet, but was within the range contemplated by the parties at the time the plea was entered. Moreover, the defendant agreed to the trial court’s use of the scoresheet at sentencing.
The defendant also argues that the three-year mandatory sentence was erroneously imposed for the crime of grand theft of an automobile while masked. We agree. Section 775.087(2), Florida Statutes (1995), provides for the imposition of a three-year minimum mandatory sentence for certain enumerated offenses. The crime of armed grand theft of an automobile while masked is not among the statutorily enumerated offenses. Accordingly, the three-year mandatory term imposed in the instant case must be stricken.
Judgment & Sentence AFFIRMED; three-year mandatory sentence STRICKEN.
DAUKSCH and GRIFFIN, JJ., concur.

. §§ 810.02(2)(a), 790.001(6), 775.087(1) and (2)(a), Fla. Stat. (1993).

. §§ 812.13, 790.001(6), 775.087(2)(a), Fla. Stat. (1993).

. §§ 812.014(1) and (2)(c), 775.0845, 787.01, Fla. Stat. (1993).

. § 787.02, Fla. Stat. (1993).