PER CURIAM.
Jose Manuel Polanco appeals from a judgment of conviction and sentence for manslaughter with a firearm. We affirm the conviction, but for the following reason, we vacate the sentence and remand for resen-tencing.
After the court had adjudicated defendant guilty pursuant to the jury’s verdict on July 22, 1996, the trial court ordered a pre-sen-tence investigation. The court conducted a sentencing hearing seven weeks later, on September 6, 1996. At that hearing, the State asked the court to include on the sentencing scoresheet 21 points for legal constraint based upon defendant’s outstanding warrants from New York. The defendant objected to the inclusion of these points, arguing that the State’s assertion that the warrants were outstanding was not accurate, and that the State had failed to prove the existence of the warrants by competent evidence. The State produced a fax of the warrants and not certified copies. Based upon the State’s assurance that the certified copies were forthcoming, the court took judicial notice of the New York warrants, and over the defendant’s objections, included the points for legal constraint.
We vacate the sentence, remand for resen-tencing, and direct the trial court to remove the 21 points for legal constraint because the State never proved, by competent evidence before the trial court, that defendant was under legal constraint when he committed this offense. See Mills v. State, 690 So.2d 735 (Fla. 4th DCA 1997); Schott v. State, 641 So.2d 465 (Fla. 4th DCA 1994); Brown v. State, 632 So.2d 1052 (Fla. 5th DCA 1994). Without that evidence, the points must be removed. Id. at 1053.
Just as the State must be prepared to go forward with its proofs at trial, the State must likewise be prepared to present its proofs at the sentencing hearing. If the State wanted the court to consider an enhanced penalty for the defendant based upon alleged legal constraint, it was incumbent upon the State to present competent evidence of that constraint to the court at the time of the hearing, which was held seven weeks after the PSI was ordered. If the evidence was not available, but as in this case was expected to become available shortly, the State should have asked for a postponement of the sentencing hearing. The State did not have the proof of legal constraint available to the court at the sentencing hearing; it did not request a recess or postponement. To remand, and allow the State to now present its proof, as the dissent urges, would be to condone its lack of preparation.
Affirmed in part; vacated in part; remanded with directions.
JORGENSON and GODERICH, JJ., concur.