711 So.2d 1348 (1998)
David Wesley ROY
v.
STATE of Florida, Appellee.
No. 97-4573.
District Court of Appeal of Florida, First District.
June 15, 1998.
*1349 Larry D. Simpson and John M. Kvartek of Kitchen, Judkins, Simpson & High, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
On this appeal from an order ruling on a motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), we reverse and remand with directions to hold a new sentencing hearing, at which appellant has the right to be present.
The trial court granted appellant's 3.800(a) motion in part, finding that his scoresheet was incorrect, and that he was entitled to a reduction of points based upon a vacated conviction and a conviction for a lesser included offense. This resulted in a reduced sentencing range, which required resentencing with a corrected scoresheet. The court, however, immediately resentenced appellant without holding a sentencing hearing, which was error. See Burrows v. State, 649 So.2d 902 (Fla. 1st DCA 1995); Shabazz v. State, 674 So.2d 920 (Fla. 4th DCA 1996). And see Phillips v. State, 705 So.2d 1320 (Fla.1997) (resentencing is an entirely new proceeding and trial court is under no obligation to make the same findings).
REVERSED and REMANDED for resentencing.
ERVIN and PADOVANO, JJ., concur.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting.
I respectfully dissent. Appellant previously filed a direct appeal in this case after a jury found him guilty of attempted first-degree murder, carjacking with the use of a firearm, burglary of a conveyance, and use of a firearm during the commission of a felony. This court reversed the last conviction and remanded the case with directions that the trial court vacate that conviction. Roy v. State, 693 So.2d 63, 64 (Fla. 1st DCA 1997). The trial court thereafter vacated and set aside the pertinent conviction and Appellant's sentence for that offense. Appellant then filed a motion under Florida Rule of Criminal Procedure 3.800(a) for a corrected scoresheet citing facial errors, and for an alleged error in the victim injury assessment. Appellant also requested a resentencing hearing. The trial court granted the motion for correction of facial scoresheet errors, but denied Appellant's claim regarding victim injury assessment, without holding a hearing.
Appellant now appeals from the denial of his rule 3.800(a) motion. He argues that the trial court erred (1) in failing to hold a new sentencing hearing thereby depriving him of his right to be heard, and (2) in assessing the victim's gunshot wound as severe. Appellant does not argue here that the trial court's corrected scoresheet results in an illegal sentence or that it contains a facial error.
Rule 3.800(a) provides that a "court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet." In Horton v. State, 696 So.2d 460 (Fla. 1st DCA 1997), this court held that rule 3.800(a) affords relief only in the case of sentences that exceed the statutory maximum, and where there are scoresheet errors apparent on the face of the record.
Neither of Appellant's claims in the instant appeal are cognizable under rule 3.800(a). The first claim, alleging deprivation of due process, is not properly addressed under rule 3.800(a). Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991)(holding that rule 3.800(a) motion cannot be employed to reexamine whether procedures followed in imposing sentence comport with statutory law and due process), rev. denied, 613 So.2d 5 (Fla. 1992); see Denson v. State, 656 So.2d 530 (Fla. 5th DCA 1995)(Sharp, J., concurring in unanimous decision with a separate opinion explaining that failure of state to provide proper notice of intent to seek habitualized sentence is not cognizable in rule 3.800(a) motion). Appellant's second claim, alleging an incorrect assessment of victim injury, is a factual matter not cognizable under rule 3.800(a). Holland v. State, 672 So.2d 566, 567 (Fla. 5th DCA)(holding that appellant's claim, that state failed to prove victim injury, is not cognizable in a rule 3.800(a) motion), *1350 rev. denied, 678 So.2d 338 (Fla.1996). I would affirm Appellant's sentence.