717 So.2d 1111 (1998)
Irene McGREEVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 971544.
District Court of Appeal of Florida, Fifth District.
September 25, 1998.
James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Simone P. Firley and Belle B. Turner, Assistant Attorneys General, Daytona Beach, for Appellee.
W. SHARP, Judge.
McGreevey challenges her sentence of 66 months incarceration on the ground that she received an excessive score because the injuries she inflicted on the victim were "slight" rather than "moderate," and she was given no opportunity to raise or contest this issue. We agree that an evidentiary hearing is necessary in this case and remand for that purpose.
McGreevey was charged with aggravated child abuse.[1] Shortly before the trial was to begin McGreevey entered a plea of no contest. Defense counsel and counsel for the state agreed that the arrest/booking report contained sufficient facts to support entry of the plea. At the sentencing hearing, the defense challenged the scoresheet because the scoresheet included points for moderate injury, totalling 111.4 points. Had she been scored for slight injury, the total would have been 97.4 points.
However, the trial judge refused to rule on the objection. He said the objection had not been made in writing before the sentencing *1112 hearing and he was only prepared to proceed with the sentencing. Defense counsel explained he had just received the scoresheet. The trial judge said that any correction would have to be made by motion after sentencing.
The defense made a motion to correct the sentence, after the sentencing hearing. But this motion was denied without an evidentiary hearing. Once a defendant disputes hearsay statements used in computing a scoresheet, the state is required to produce corroborating evidencehere for moderate injury. Blanton v. State, 546 So.2d 1181 (Fla. 5th DCA), cause dismissed, 551 So.2d 460 (Fla.1989). See also Brown v. State, 632 So.2d 1052 (Fla. 5th DCA 1994).
The state argues on appeal that this is a harmless error situation. McGreevey's score of 111.4 points (including those assessed for moderate injury) translates to a recommended sentence of 83.4 months in prison, with a minimum of 62.3 months and a maximum of 104.2 months. Had slight injury been used in the calculation, the recommended sentence would have been 69.4 months, with a minimum of 52.5 months and a maximum of 86.75 months. The sentence she received was thus a possible sentence (without a departure) had she been given the benefit of the slight injury calculation.
Prior rulings from this court held that an error in the sentencing score is harmless if the reduction sought does not move the defendant to a lower guideline bracket or sentencing cell. See Holland v. State, 672 So.2d 566 (Fla. 5th DCA), rev. denied, 678 So.2d 338 (Fla.1996). However, since the guidelines were changed to permit sentences within a range of punishments and to permit a deviation of 25% up or down from the recommended sentence, we have held that a trial judge should have a correct scoresheet before deciding whether to apply the permitted range and thus such errors in scoring are not harmless. See Goodwin v. State, 600 So.2d 1310 (Fla. 5th DCA 1992); Horne v. State, 593 So.2d 309 (Fla. 5th DCA 1992); Lawrence v. State, 590 So.2d 1068 (Fla. 5th DCA 1991); Terry v. State, 588 So.2d 63 (Fla. 5th DCA 1991).
Accordingly, we affirm the judgment but quash the sentence and remand for an evidentiary hearing on the issue of slight versus moderate injury prior to sentencing.
AFFIRMED in part; REVERSED and REMANDED.
THOMPSON, J., concurs.
COBB, J., dissents without opinion.
NOTES
[1] § 827.03, Fla. Sat. (1995).