PER CURIAM.
As appellant asserts, the trial court erred when it resentenced him in his absence. See, e.g., Gonzalez v. State, 838 So.2d 1242, 1243 (Fla. 1st DCA 2003) (“Once a trial court determines that a defendant’s sentence is illegal and the defendant is entitled to re-sentencing, the full panoply of due process considerations attaches. Sentencing is a critical stage of the criminal proceedings; thus, a sentencing hearing is mandatory.... Regardless of whether Appellant requested 122 months in his original motion, he did not expressly waive his right to appointed counsel. There is no waiver of counsel in the record, therefore, the trial court erred in failing to appoint counsel at the re-sentencing hearing.” (citations omitted)); Bines v. State, 837 So.2d 1146, 1147 (Fla. 1st DCA 2003) (“A defendant has a right to be present at resentencing from a rule 3.800(a) motion.... Thus, the trial court erred, the new sentence must be vacated, and Appellant must be resentenced at a hearing where he is present and is represented by counsel.”); Roy v. State, 711 So.2d 1348, 1349 (Fla. 1st DCA 1998) (reversing and remanding for resentencing and explaining, “The trial court granted appellant’s 3.800(a) motion in part, finding that his scoresheet was incorrect, and that he was entitled to a reduction of points based upon a vacated conviction and a conviction for a lesser included offense. This resulted in a reduced sentencing range, which required resentencing with a corrected scoresheet. The court, however, immediately resentenced appellant without holding a sentencing hearing, which was error.”). Accordingly, the order on appeal, granting appellant’s motion to correct sentencing error, is REVERSED and REMANDED with directions to hold a new sentencing hearing at which appellant has the right to be present.
KAHN, BENTON and VAN NORTWICK, JJ., concur.