PETERSON, Judge.
Archie Lee Studstill appeals the judgment and sentence imposed for the September 28, 1989, offenses of kidnapping, two counts of sexual battery, burglary, and robbery. At the time of the commission of the offenses, Studstill was on probation for the 1979 offenses of two counts of kidnapping, two counts of sexual battery, and one count of robbery.
Studstill complains that his motion for acquittal on one of the 1989 offenses of sexual battery should have been granted, that the Florida habitual offender statute is unconstitutional, and that, if we do hold it to be unconstitutional, then the court should have sentenced him under the guidelines. Finally, he asserts that the trial court erred in preparing the score sheet by multiplying the offenses times the legal constraint points. We need not address this final point nor certify the question as *485 we did in Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990), disagreed with, Scott v. State, 574 So.2d 247 (Fla. 2d DCA 1991), since the court did not sentence Studstill under the guidelines, and the habitual felony statute, section 775.084, Florida Statutes (1988), was found constitutional in King v. State, 557 So.2d 899 (Fla. 5th DCA 1990), rev. denied, 564 So.2d 1086 (Fla.1990).
The battery about which Studstill complains is found in count three of the information, charging him with sexual battery “[b]y inserting his finger, [sic] towel into the vagina of [the victim] contrary to section 794.011(5).” Section 794.011(l)(h) defines the term “sexual battery” as “oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration with another by another object....” The testimony of the victim indicated that Studstill ejaculated before removal from her vagina and that, after he did this, “He started to clean me out ... [w]ith a paper towel or napkin or something.” Medical examination after the incident resulted in determination that there was non-motile sperm in the victim’s vagina and that it had a very high acid phosphatase level which was indicative of male ejaculant in the vaginal area. Studs-till argues that the victim said nothing about penetration or insertion and that she never said it was her vaginal area that was touched with the napkin or towel. The state suggests that the jury could infer from the victim’s testimony that a separate second sexual battery was committed by the vaginal penetration of Studstill’s finger or towel, or some other object. The trial court found that it was a matter for the jury to decide and denied a motion for judgment of acquittal. We agree that it was a question for the jury to determine and the jury resolved it against Studstill. The judgment and sentence are affirmed.
AFFIRMED.
W. SHARP, and GOSHORN, JJ., concur.