GREEN, Judge.
David Skully timely appeals the trial court’s order adjudicating him guilty of twelve counts of sexual battery (counts I through X, XXVI and XXVII) and sixteen counts of lewd and lascivious conduct (counts XI through XXV and XXVIII).
The court sentenced Skully to life imprisonment on counts I through X, XXVI, and XXVII, with a twenty-five year minimum mandatory requirement. The sentences on counts I through X are concurrent. The sentences on counts XXVI and XXVII are consecutive to each other and to the concurrent sentences on counts I through X. Skully was also sentenced to fifteen years concurrent in state prison on counts XI through XXV which sentences are to be served concurrently with the sentences on counts I through X. He was sentenced to fifteen years on count XXVIII to run consecutively to the sentence on counts XXVI and XXVII. We affirm in part and reverse in part.
Skully raises several points, only one of which merits comment. The evidence against him, including his confession, was conclusive with respect to two counts of sexual battery (counts XXVI and XXVII), and one count of lewd and lascivious conduct (count XXVIII). These three counts related to incidents the victim specifically remembered and recounted in her testimony. However, the remaining counts were based upon a number of occurrence estimates by the victim and Skully.
The exchange between the trial attorneys and the court during the motion for judgment of acquittal proceeding points out the problem. The term “approximate” was used by both attorneys in describing the number of individual counts. The state attorney buttressed his argument by vague references to different methods of abuse which cannot be traced to individual counts. Such vagueness may be inherent in cases of this type, however, greater specificity is required as a foundation for individual counts.
The Fifth District considered a somewhat similar issue. See Studstill v. State, 578 So.2d 484 (Fla. 5th DCA 1991). Studstill maintained that his motion for acquittal on one of two sexual battery convictions should have been granted. The court concluded that separate offenses were properly charged and found by the jury to have been committed, based upon the evidence in that case. To the contrary, there is insufficient evidence in this case with exception to the aforementioned counts XXVI, XXVII [sexual battery], and XXVIII [lewd and lascivious conduct].
We, therefore affirm the conviction and consecutive sentences on counts XXVI, *732 XXVII, and XXVIII but reverse with respect to all remaining counts.
PATTERSON, A.C.J., and BLUE, J., Concur.