THREADGILL, EDWARD F., Senior Judge.
Gamble appeals his convictions and sentences after jury trial for one count of lewd fondling of a child and a second count of lewd and lascivious molestation of the same child. We reverse the conviction and sentence for lewd and lascivious molestation because the evidence at trial was insufficient to prove the commission of the crime during the period alleged in the information.
The two-count information in this case alleged that Gamble committed two separate sexual offenses, one count of lewd fondling occurring before October 1, 1999, under the old statute, section 800.04(1), Florida Statutes (1993), and one count of lewd and lascivious molestation occurring after October 1,1999, until March 30, 2000, under the new statute, section 800.04(5)(b), Florida Statutes (1999). The new statute took effect October 1,1999.
The victim revealed her alleged abuse to her mother shortly before her eleventh birthday. She was twelve years old at the time of trial. Evidence revealed that the first time Gamble touched her in her private areas was when she was five years old and the last time was when she was “nine or eight.” She also testified on cross-examination that the touchings took place between the ages of five and eight.
The victim was unable to recall any specific or particular incident that occurred between the ages of nine and a half and ten. There was no other evidence presented to show any incidences of abuse during the period covered in count two, October 1, 1999, to March 30, 2000, other than the victim’s general response that the molesta *111 tion occurred until she was eight or nine. The victim turned nine on April 27, 1999, so she would have been nine and a half to ten during the time period alleged in count two of the information.
In Skully v. State, 736 So.2d 730 (Fla. 2d DCA 1999), the defendant was charged with multiple counts of sexual battery and lewd and lascivious conduct. The victim specifically remembered and testified in detail regarding only three incidents. Id. at 731. The rest of the convictions were supported only by general allegations that the same abuse happened many times over a certain period. Id. This court found the evidence was legally insufficient to support the remaining convictions. Id. We held that while vagueness may be inherent in cases of this type, greater specificity is required as a foundation for individual counts. Id. Like the victim in Skully, the victim here could not remember more specific details because of her young age when the incidents occurred and because years had passed since the offense. See also Estey v. State, 751 So.2d 194 (Fla. 4th DCA 2000). Given the vagueness of her testimony, the evidence was insufficient to convict Gamble of molestation during, the time period alleged in count two.
We therefore reverse Gamble’s conviction for lewd and lascivious molestation. We affirm his conviction for lewd fondling and remand for resentencing.
Affirmed in part; reversed in part and remanded.
ALTENBERND, C.J., and DAVIS, J., Concur.